UNITED STATES of America,
Plaintiff-Appellee,

v.

Reinaldo ORELLANES, a/k/a Reinaldo
Orellana, Defendant-Appellant.

No. 86–5179.

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1987.

James S. Mattson, Key Largo, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Myra D. Lichter, Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

We affirm the district court's ruling that one who pleads guilty in a Florida state court and has imposition of sentence withheld, may nevertheless be held to have been "convicted" for purposes of applying federal criminal statutes which punish certain conduct following conviction of a felony.

## FACTS

On July 28, 1981, Reinaldo Orellanes, the appellant, entered a negotiated plea of guilty of two felonies, possession of marijuana and carrying a concealed firearm, in the Circuit Court of the Eleventh Judicial Circuit of Florida. The Florida court entered an order withholding adjudication pursuant to Florida Statute § 948.01. Orellanes's lawyer in the state court proceeding did not advise Orellanes of potential collateral consequences that could result from his guilty plea.

After entry of the plea, Orellanes purchased firearms and ammunition at Tamiami Gun Shop in Miami, Florida, on January 6, and December 12, 1982; on January 3,

16, and 17, 1984; and on September 16, 1985. On each of the above purchases, Orellanes filled out the required BATF form stating that he had never been convicted of a crime punishable by more than one year imprisonment. The BATF forms provided the government with the information with which it obtained a ten-count indictment against Orellanes.

On October 29, 1985, the grand jury returned an indictment charging Orellanes with eight counts of receipt of a firearm by a convicted felon in violation of 18 U.S.C. § 922(h)(1)[1] and 18 U.S.C. § 924(a)[2], one count of receipt of ammunition by a convicted felon in violation of the same sections of Title 18, and one count of possession of a controlled substance.

Orellanes filed two motions to dismiss the first nine counts of the indictment. The district court rejected Orellanes's contention that the Florida court's withholding of adjudication prevented a subsequent conviction under 18 U.S.C. § 922(h)(1) and denied both motions. The parties entered into a conditional plea agreement, pursuant to Federal Rule of Criminal Procedure 11(a)(2), to permit appellate review of the denial of Orellanes's pretrial motions. The plea agreement was based upon a stipulated statement of facts and the seven counts pleaded to were the alleged violations of 18 U.S.C. §§ 922(h)(1) and 924(a). The government dismissed counts III, VII, and X.[3]

Orellanes contends that on the effective date of the P.L. No. 99–308, all pending

1. Title 18 U.S.C. § 922(h)(1) provides:
   (h) It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   .    .    .    .    .
   to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. Title 18 U.S.C. § 924(a) provides:
   (a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person

licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

3. Counts III and VII charged Orellanes with receipt of a firearm by a convicted felon. Count X charged possession of a controlled substance. Six counts of receipt of a firearm and one count of receipt of ammunition by a convicted felon were the seven counts pleaded to by Orellanes.

prosecutions not reviewed by the highest courts with authority to review them will abate. He further contends that Florida's withholding of an adjudication of guilt voids a conviction for these federal offenses. Finally, he contends that *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), should not be retroactively applied.

## DISCUSSION

Initially, we must decide whether the district court properly held Orellanes a "convicted felon" for purposes of 18 U.S.C. § 922(h)(1). Orellanes asserts that a plea of guilty followed by a withholding of adjudication does not constitute a conviction under Florida law or federal law, and therefore, he cannot be found guilty of violating section 922(h)(1). In *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 112–13, 103 S.Ct. 986, 991 (1983) (citing *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), the Supreme Court affirmed its earlier considerations of whether a guilty plea was sufficient to constitute a conviction stating that "a plea of guilty ... is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the Court has nothing to do but give judgment and sentence."

On May 19, 1986, Congress passed Public Law (P.L.) No. 99–308, The Firearms Owners' Protection Act. Section 101(5) of P.L. 99–308 reverses the Supreme Court's decision in *Dickerson* and

> requires that a 'conviction' must be determined in accordance with the law of the jurisdiction where the underlying proceeding was held. This is intended to accommodate state reforms adopted since 1968, which permit dismissal of charges after a plea and successful completion of a probationary period.... Since the federal prohibition is keyed to

the state's conviction, state law should govern in these matters.

Senate Report No. 98–583, 98 Cong 2d Sess. 7 (1984).

██ We now turn to Florida law, as P.L. 99–308, § 101(5) instructs, in our effort to determine whether Orellanes was properly characterized as a "convicted felon." In *State v. Gazda,* 257 So.2d 242, 243–44 (Fla. 1971), the Florida Supreme Court declared that "the term 'conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court." Consequently, we conclude that the district court correctly held that Orellanes was previously "convicted" of a crime punishable by imprisonment for a term exceeding one year.

Orellanes claims that *Dickerson* cannot be retroactively applied to his guilty plea for the state crimes in 1981. Rejecting an identical argument in *United States v. Garcia,* 727 F.2d 1028, 1029 (11th Cir.1984), this circuit held "[t]he contention that a state procedure for withholding adjudication of a criminal charge will not support a conviction under 18 U.S.C. § 922(h)(1) ... is foreclosed by [*Dickerson*]. There is no problem of *Dickerson* being applied retroactively.... The prevailing law in the former Fifth Circuit prior to *Dickerson* was that state statutes that withheld finality do not prevent convictions within the meaning of section 922."

██ Orellanes contends that upon the effective date of section 101(5) of P.L. 99–308, his entire prosecution will abate, and he will return to the status of a non-felon. However, the general savings provision of 1 U.S.C. § 109 operates to preserve the penalties of a statute in effect when Orellanes committed the charged offenses.[4] Orellane's reliance on *Bell v. Maryland,* 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822

---

**4.** Title 1 U.S.C. § 109 in pertinent part provides that:

   The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

(1964), for the proposition that when P.L. 99–308 became law his entire prosecution abated, is erroneous because the Court in *Bell* did not consider, nor apply, the federal general savings clause in 1 U.S.C. § 109 because the case involved the effect of supervening state and city enactments on convictions for violating a prior state statute.

Since the passage of 1 U.S.C. § 109, "penalties accruing while a statute [is] enforced may be protected after its repeal, unless there is an express provision to the contrary in the repealing statute." *United States v. Jackson,* 468 F.2d 1388, 1390 (8th Cir.1972); *cert. denied,* 410 U.S. 935, 93 S.Ct. 1391, 35 L.Ed.2d 599 (1973) (quoting *United States v. Brown,* 429 F.2d 566, 568 (5th Cir.1970)). P.L. 99–308 contains no provision precluding the retention of accruing penalties. We therefore conclude that the district court properly found that no abatement would have occurred on November 15, 1986—the effective date of section 101(5) of P.L. 99–308.

We note Orellanes's contention that the supervisory powers of this court should be invoked in order to preserve judicial integrity and provide due process. The exercise of supervisory power is an "extreme sanction which should be infrequently used." *United States v. Pabian,* 704 F.2d 1533, 1536 (11th Cir.1983). The facts in this case do not indicate a violation of due process and do not warrant the exercise of our supervisory power. Accordingly, we affirm the decision of the district court.

**AFFIRMED.**