623 So.2d 579 (1993)
Glenn DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1050.
District Court of Appeal of Florida, Third District.
August 24, 1993.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Francine Thomas and Fleur J. Lobree, Asst. Attys. Gen., for appellee.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
Glenn Davis appeals an order revoking his probation. He contends that the trial court lacked jurisdiction to entertain the state's affidavit of violation of probation and to revoke probation because the affidavit was *580 filed after the expiration of the probationary period. We agree.
When a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation. Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992); Purvis v. Lindsey, 587 So.2d 638, 639 (Fla. 4th DCA 1991). If an affidavit of violation is timely filed, and is succeeded by an untimely affidavit which merely re-avers the allegations contained in the former, the re-averred allegations may support revocation; however, probation may not be revoked on the basis of any new allegations contained only in the untimely affidavit. Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981); see also Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980) and Kane v. State, 473 So.2d 786 (Fla. 1st DCA 1985).
Here, an original affidavit of violation of probation (affidavit I) was timely filed on July 28, 1991. It alleged, inter alia, Davis's failure to file a written monthly report in April 1991 and to obtain his supervisor's consent to change his residence on May 9, 1991. Based on Davis's admission of these allegations, at a hearing on August 7, 1991, the trial court extended Davis's probation for one year, ending February 20, 1993. On December 14, 1992, the state, unaware of the prior hearing on August 7, filed an amended affidavit of violation (affidavit II) alleging the same violations as in affidavit I. Six weeks after the expiration of the extended probationary period, the state filed a second amended affidavit of violation (affidavit III) on April 1, 1993, this time alleging two new counts: 1) Davis's failure to file any monthly reports after August 7, 1991, and 2) his failure to obtain consent for an undated change of residence or otherwise notify his supervisor of his whereabouts. At a hearing on the matter, the trial court found Davis guilty of probation violation, revoked his probation, and sentenced him to three and one-half years in prison.
Because the trial court was without jurisdiction to consider the allegations of the third affidavit and Davis's probation had already been extended for his violation of the first affidavit, and the second affidavit was duplicative of the first, no new basis for additional court action remained.
Accordingly, we reverse the revocation of probation appealed herein.