UNITED STATES of America, Plaintiff,

v.

Juan GISPERT, Defendant.

No. 93–6112–CR–ZLOCH.

United States District Court,
S.D. Florida.

Feb. 17, 1994.

Kerry S. Baron, Asst. U.S. Atty., West Palm Beach, FL, for plaintiff.

Reuben Camper Cahn, Asst. Federal Public Defender, Fort Lauderdale, FL, for defendant.

*AMENDED ORDER GRANTING JUDG-MENT OF ACQUITTAL NOTWITH-STANDING THE VERDICT PURSU-ANT TO FED.R.CRIM.P. 29(C)*

ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendant, Juan Gispert's, Renewed Motion

For Judgment Of Acquittal (DE 37). The Court has carefully reviewed the merits of said motion and the entire record herein.

Defendant Gispert was convicted by a jury of one count of possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g)(1).[1] However, Defendant moves this Court for judgment of acquittal asserting that his prior guilty plea, where adjudication was withheld, was not a "conviction" as defined by section 921(a)(20), and that therefore, he was not in violation of section 922(g)(1) as a matter of law.

██ The Court notes that in considering the Defendant's Motion under Federal Rule of Criminal Procedure 29(c), this Court has reviewed the legal sufficiency of the evidence under the standard articulated by the Eleventh Circuit. Specifically, this Court has drawn all reasonable inferences in favor of the jury's verdict and has then considered whether a reasonable jury could find guilt beyond a reasonable doubt. *See United States v. Garate–Vergara*, 942 F.2d 1543, 1547 (11th Cir.1991).

After proper review, the Court finds based upon the *undisputed evidence* in the record, that no reasonable jury could find guilt as to Count I, because the government has failed to establish an essential element of the section 922(g)(1) offense. In particular, the only evidence adduced at trial regarding a prior "conviction" was that: (1) the Defendant was charged with a felony in state court; (2) the Defendant pled guilty to the charge; (3) the state court withheld adjudication and placed the Defendant on probation; (4) the Defendant successfully completed his probation; (5) the state court terminated the Defen-

dant's probation; and (6) the state court terminated the criminal proceedings against the Defendant without ever adjudicating the Defendant guilty. All these *undisputed* events occurred prior to the Defendant's purchase and possession of the firearm in the instant case.

As explained further in this Court's analysis, however, these facts do not constitute a "conviction" for the purposes of section 922(g)(1) as a matter of law. Accordingly, the Court, being fully advised in the premises, **GRANTS** the Defendant's Motion For Judgment Of Acquittal.

### I. *Background*

It is undisputed that during 1984, Defendant Gispert pled guilty to one count of welfare fraud, a felony, in the Circuit Court of Broward County, Florida, in criminal case number 84–3690CF. Pursuant to Florida Statute § 948.01,[2] the state court "withheld adjudication" and placed the Defendant on probation. The conditions of the Defendant's probation included a provision that prohibited him from possessing a firearm. However, Defendant's probation officer further instructed him that once he completed his probation, Defendant would not be a convicted felon, and that he could then possess a firearm. The Defendant's probation was terminated on October 9, 1986.

On or about June 16, 1988, the Defendant purchased a firearm from Collazo's Guns and Ammo, Inc., a federally licensed gun dealer. In connection with the purchase of said firearm, the Defendant did not include in his written application that he had been convicted of a felony.

---

1. 18 U.S.C. § 922(g)(1) provides

   (g) It shall be unlawful for any person—
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. Florida Statute § 948.01 provides in pertinent part:

   (1) Any court of the state having original jurisdiction of criminal actions may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of a defendant....
   (2) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may · either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation.

Subsequently, on or about June 15, 1993, and despite the Defendant's successful completion of probation and his honest belief that he was not a convicted felon, the government obtained a two count indictment charging him as follows: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and (2) knowingly making a false statement in connection with the purchase of a firearm from a federally licensed dealer in violation of 18 U.S.C. § 922(a)(6). Following a three day trial, the jury found Defendant Gispert guilty as to count one of the indictment, and not guilty as to count two of the indictment.

Following his conviction, the Defendant filed the instant Motion For Judgment Of Acquittal (DE 37). In his motion, the Defendant argues that he was not a "convicted" felon for purposes of section 922(g)(1). In opposition, the government argues that the Court is bound in this case by Eleventh Circuit precedent, which holds that a withheld adjudication is a "conviction" for the purposes of Title 18 U.S.C. § 922(g)(1). The Court disagrees with the government and finds that the present case is distinguishable from Eleventh Circuit precedent, and in accordance with Florida law, Defendant Gispert is not a "convicted" felon for the purposes of Title 18 U.S.C. § 922(g)(1).

## II. *Discussion*

At the outset, the Court notes that Title 18 U.S.C. § 921(a)(20), specifically defines "conviction" as follows:

> What constitutes a conviction of such a crime *shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter.

(emphasis added). Thus, under the terms of the statute, Florida law determines what constitutes a conviction for the purposes of section 922(g)(1).

### A. *Eleventh Circuit Precedent*

The government argues that the present case is governed by Eleventh Circuit precedent established in *United States v. Orellanes,* 809 F.2d 1526 (11th Cir.1987), and *United States v. Grinkiewicz,* 873 F.2d 253 (11th Cir.1989). Relying on this precedent, the government asserts that under Florida law "the term 'conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court." *Orellanes,* 809 F.2d at 1528. Thus, a person is "considered a convicted felon when there has been a withholding of adjudication of guilt." *Grinkiewicz,* 873 F.2d at 255. These cases, however, do not apply to the case presently at issue.

While the *Orellanes* precedent does hold that under Florida law a withheld adjudication of a jury verdict or a plea constitutes a "conviction," this ruling only applies during the interval within which the adjudication remains withheld, that is, during the interval within which the defendant remains on probation. *See, e.g., Thomas v. State,* 356 So.2d 846, 847 (Fla. 4th DCA) (*"If the defendant successfully completes his probation he is not a convicted person but if the probation is violated the court may then adjudicate and sentence."*) (emphasis added), *cert. denied,* 361 So.2d 835 (Fla.1978); *United States v. Thompson,* 756 F.Supp. 1492, 1495 (N.D.Fla. 1991). However, once the "probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation." *Davis v. State,* 623 So.2d 579, 580 (Fla. 3d DCA 1993); *Purvis v. Lindsey,* 587 So.2d 638, 639 (Fla. 4th DCA 1991); *see also* Fla.Stat. § 948.04.[3]

---

**3.** Florida Statute § 948.04 provides in pertinent part:

> (2) Upon the termination of the period of probation, the probationer shall be released from probation and *is not liable to sentence for the offense for which probation was allowed.* During the period of probation, the probationer

shall perform the terms and conditions of his probation.

> (3) If the probationer has performed satisfactorily, has not been found in violation of any terms or conditions of supervision, and has met all financial sanctions imposed by the court, including, but not limited to, fines, court costs, and restitution, the Department of Cor-

For example, in the instant case, the Defendant Gispert successfully completed his probation and extinguished the charge against him prior to his possession of the firearm, thus the state court could no longer adjudicate him guilty of welfare fraud. Accordingly, the Defendant Gispert could not become, nor should he be considered as, a "convicted" felon regarding that charge.

The limits of the *Orellanes* precedent are clear. In *Orellanes*, the defendant had not successfully completed his probation at the time he possessed the firearm, and thus, the state court had the power to adjudicated him guilty. In light of this power, the withheld adjudication of Orellanes' plea was properly characterized as a felony conviction in his case.

As the *Orellanes* court noted, when the Congress amended the Firearms Owners' Protection Act, P.L. No. 99–308, and overruled the Supreme Court's decision in *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), it "intended to accommodate state reforms adopted since 1968, which *permit dismissal of charges after a plea and successful completion of a probationary period.*" *Orellanes*, 809 F.2d at 1528 (quoting Senate Report No. 98–583, 98 Cong.2d Sess. 7 (1984)) (emphasis added). This accommodation of the state reform is not necessary, however, when a defendant undermines the "withheld adjudication" procedure by violating orders of the court, or by committing other crimes while on probation. Accordingly, when the defendant in *Orellanes* abused the withheld adjudication of his plea under Florida Statute § 948.01 by purchasing weapons illegally, he lost the benefits of that procedure, and was properly defined as a convicted felon.[4]

This reading of *Orellanes* coincides with the Florida Supreme Court's holding in *State v. Gazda*, 257 So.2d 242 (Fla.1971), which served as the basis of the *Orellanes* court's holding. In *Gazda*, the defendant, on July 28, 1963, entered a plea of guilty to grand larceny, and the Florida court ordered that "adjudication and sentence be withheld and a presentence investigation be ordered." *Id.* at 243. Prior to sentencing, the defendant became ill, and the court ordered that the defendant be delivered to a hospital for examination and care. However, the defendant never returned for sentencing.

Consequently, on February 2, 1965, the trial judge issued a bench warrant to bring the defendant before the court for sentencing, but the defendant was not returned to state custody until May 1, 1970. Upon his capture, the defendant moved to vacate the court's sentence asserting that Florida Statute § 775.14,[5] Limitation on withheld sentences, barred the court from imposing a sentence, because the five year limitation had expired. The trial court denied the defendant's motion.

On appeal the District Court of Appeals reversed the trial court and held that the defendant was "convicted" in 1963 for the purposes of Florida Statute § 775.14. The court also held that the five year sentencing limitation was absolute, and that therefore, the trial court could no longer sentence the defendant.

The Florida Supreme Court granted certiorari and reversed the District Court of Appeals. In an opinion of limited scope, the *Gazda* court noted that "*for the purposes of construing § 775.14,* supra, the term 'conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." *Id.* at

rections may recommend early termination of probation to the court at any time before the scheduled termination date.
(emphasis added).

**4.** This same analysis holds true for *United States v. Grinkiewicz*, 873 F.2d 253 (11th Cir.1989) where there was no indication the defendant successfully completed his probation prior to possessing a firearm. Accordingly, while *Grinkiewicz* relied on *Orellanes* and held that the defendant's plea of guilty was a conviction where

adjudication was withheld, *Grinkiewicz* also is distinguishable from the present case.

**5.** Florida Statute § 775.14, Limitation on withheld sentences, provided as follows:

Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.

243–44 (emphasis added). The *Gazda* court, however, also emphasized the defendant's misconduct, and held that when the defendant "left the jurisdiction of the Court and failed to make his whereabouts known ... the operation of the Statute was tolled." *Id.* at 244.

Thus, the *Gazda* holding and the facts in the present case support a limited reading of *Orellanes.* First, in the present case, Defendant Gispert was not a fugitive like the defendant in *Gazda.* In fact, both *Orellanes* and *Gazda* involved defendants who had either purchased firearms prior to completing their probation or who had otherwise violated court orders. In contrast, Defendant Gispert had already completed his probation prior to his purchasing of a firearm. Second, in *Orellanes* and *Gazda,* Florida law prohibited the Defendants from possessing a weapon. However, when Defendant Gispert completed his probation, Florida law clearly permitted him to possess a firearm. Given these distinctions, this Court finds that the *Orellanes* precedent does not apply to the instant case.

Accordingly, since this Court holds that the present case is distinguishable from Eleventh Circuit precedent in *Orellanes,* the Court, as directed by the terms of Title 18 U.S.C. § 921(a)(20), relies directly upon Florida law to ascertain whether Defendant Gispert was "convicted" for the purposes of Title 18 U.S.C. § 922(g)(1).

### B. *Definition of "Conviction" Under Florida Law*

A review of Florida law reveals that the terms "convicted" or "conviction" are defined in a variety of ways depending on the context in which they are used. *See, e.g., United States v. Thompson,* 756 F.Supp. 1492, 1493 (N.D.Fla.1991) (discussing different contexts in which Florida law defines "conviction"); *Burkett v. State,* 518 So.2d 1363 (Fla. 1st DCA 1988) (same). However, the Court finds that Florida Statute § 790.23, which is Florida's equivalent statute to 18 U.S.C. § 922(g)(1), and the line of cases discussing this Florida statute, are the most instructive in the present context.

Florida Statute § 790.23 provides in pertinent part:

(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:

(a) Convicted of a felony....

(b) Convicted of or found to have committed a crime against the United States which is designated as a felony;

. . . .

(d) Found guilty of an offense that is a felony in another state, territory, or country and which was punishable by imprisonment for a term exceeding 1 year.

(2) This section shall not apply to a person convicted of a felony whose civil rights and firearm authority have been restored, ....

For the purposes of Florida Statute § 790.23, a review of Florida law seems to indicate that a "conviction" normally requires an adjudication of guilt. *See, e.g., Malcolm v. State,* 605 So.2d 945, 948 (Fla. 3d DCA 1992) ("[T]he defendant pled guilty to the charge and the trial court withheld adjudication of guilt; this means that the defendant was never convicted of this felony, and that, accordingly, he could not, as we have squarely held, be convicted of unlawful possession of a firearm by a convicted felon based on such a withhold of adjudication."); *Castillo v. State,* 590 So.2d 458 (Fla. 3d DCA 1991) (same); *Burkett v. State,* 518 So.2d 1363 (Fla. 1st DCA 1988) (same); *see also United States v. Lester,* 785 F.Supp. 976 (S.D.Fla.1991); *United States v. Thompson,* 756 F.Supp. 1492 (N.D.Fla.1991). However, in cases of withheld adjudication, Florida law also holds that until the defendant has successfully completed the probationary term, the court is not divested of its jurisdiction to later adjudicate a defendant guilty. *See, e.g., Thomas v. State,* 356 So.2d 846, 847 (Fla. 4th DCA), *cert. denied,* 361 So.2d 835 (Fla.1978).

Thus, the term "conviction" for the purposes of section 922(g)(1) must include an adjudication of guilt, and a withheld adjudication under certain circumstances. The crucial inquiry, where adjudication has been

withheld, is whether the defendant has successfully completed probation, because it is only at that point, that the defendant's guilty plea can no longer become a "conviction" under Florida law. *See Davis v. State,* 623 So.2d 579, 580 (Fla. 3d DCA 1993).

■ These findings are easily applied to the instant case. As shown by the record, Defendant Gispert successfully completed the terms of his probation, including the prohibition against possessing firearms while on probation, and accordingly his probation was terminated in 1986. Pursuant to Florida law, when Defendant Gispert completed his probation, the state court no longer retained jurisdiction to adjudicate him guilty. Further, it was not until 1988, *after* Defendant Gispert's probation had been terminated, that he purchased the firearm which formed the basis for the present conviction. At this point, however, Defendant Gispert was not a "convicted" felon under Florida law. Therefore, this Court finds that when Defendant Gispert took possession of the firearm as alleged in the indictment, he was not a "convicted" felon for the purposes of Title 18 U.S.C. § 922(g)(1).[6]

### C. *Policy Considerations*

The Court's findings are consistent with the legislative intent of Congress when it amended the Firearms Owners' Protection Act. As mentioned previously, the intent of Congress was "to accommodate state reforms adopted since 1968, which *permit dismissal of charges after a plea and successful completion of a probationary period."* Orel-

lanes, 809 F.2d at 1528 (quoting Senate Report No. 98–583, 98 Cong.2d Sess. 7 (1984)) (emphasis added). Specifically, this Court's findings accommodate the underlying purpose of Florida Statute § 948.01, (the withheld adjudication statute), which is "to provide for the rehabilitation of one who has committed a crime without formally and judicially branding the individual as a convicted criminal with consequent loss of civil rights and other damning consequences." *Delaney v. State,* 190 So.2d 578, 580 (Fla.1966), *appeal dismissed,* 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967), *rev'd on other grounds, Franklin v. State,* 257 So.2d 21 (Fla.1971); *see also Sanchez v. State,* 541 So.2d 1140, 1141 (Fla.1989) ("Withholding adjudication can be a powerful tool because, by withholding adjudication of guilt, the court can avoid creating a criminal record for someone with good prospects for rehabilitation."). Clearly, the purpose of Florida Statute § 948.01 was to prevent a defendant, such as Defendant Gispert in the present case, from being branded a "convicted" felon.

The Court's findings are also consistent with traditional notions of justice. In *United States v. Thompson,* 756 F.Supp. 1492 (N.D.Fla.1991), the court found that:

[There] appears to be a common perception among persons involved in the Florida criminal justice system that a defendant, for whom adjudication is withheld, has not been "convicted" under Florida law. Probation officers of this court, having served as Florida probation officers before joining

---

6. In addition, the Court notes that the second part of section 921(a)(20) provides that "[a]ny conviction ... for which a person has been pardoned or *has had civil rights restored shall not be considered a conviction* for purposes of this chapter." (emphasis added). Under Florida law, when a defendant pleads guilty, the court withholds adjudication, and the defendant successfully completes his probation, the defendant's civil rights are restored including the right to possess a firearm. *See United States v. Kolter,* 849 F.2d 541 (11th Cir.1988) (distinguishing *Orellanes* and finding Kolter was not a convicted felon as defined by section 921(a)(20), because the State unqualifiedly restored all of the civil and political rights Kolter had lost as a result of the burglary offense to which he pled guilty and was sentenced under the provisions of the Georgia Youthful Offender Act of 1972).

Further, while it is arguable that a defendant suffers no loss of civil rights when a state court withholds adjudication of guilt, *See, e.g., Delaney v. State,* 190 So.2d 578, 580 (Fla.1966), *appeal dismissed,* 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967), *rev'd on other grounds, Franklin v. State,* 257 So.2d 21 (1971); *see also Thompson,* 756 F.Supp. at 1497 (same), the Court reiterates that it is not until the defendant successfully completes probation that the state court permanently loses its jurisdiction to adjudicate the defendant guilty. Thus, a defendant's civil rights cannot be considered fully restored until the defendant completes the probationary period. This, of course, includes a Defendant's right to possess a firearm.

the federal system, have confirmed that defendants in Florida are routinely advised by practicing criminal defense lawyers, by state probation officers, by state prosecutors, and by judges, that when adjudication is withheld, they are not "convicted" and accordingly do not lose their civil rights. Defendants appearing before this court in the past have complained about the inconsistent treatments by two different arms of the government, both of which are supposed to be construing the term "convicted" in the same manner.

*Id.* at 1496; *see also United States v. Lester,* 785 F.Supp. 976, 978–79 (S.D.Fla.1991). Given this understanding of Florida law in the state system, the federal system should decline to adopt the overly-broad construction of the term "conviction" that the government suggests in the instant case, because it would impose punishment upon individuals who honestly believe that they are complying with the law. *See Morissette v. United States,* 342 U.S. 246, 252, 72 S.Ct. 240, 244, 96 L.Ed. 288 (1952) ("[Courts] have adhered to the central thought that wrongdoing must be conscious to be criminal."); *United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) ("[F]air warning should be given to the world, in language that the common world will understand, of what the law intends to do if a certain line is passed.").

This "common perception" also characterized events in the instant case. As demonstrated at trial, Defendant Gispert's probation officer specifically told him that he was not a convicted felon and that he could purchase a firearm after his probation was terminated. This statement was supported by the government's witness, a state probation officer, who testified that the probation office informs defendants that they can purchase firearms once probation is completed. Furthermore, the Defendant Gispert called as a witness the State Assistant Public Defender who represented Gispert in the state welfare fraud case. This witness testified that, at the time his office represented Gispert, it was the practice of his office (the Office of the Public Defender of the Seventeenth Judicial Circuit in and for Broward County, Florida) to tell its clients that they were not "convicted" when adjudication was being withheld. Based upon this legal advice from state officials, the Defendant Gispert honestly believed that he was without a criminal record.

In fact, the Defendant's good faith reliance is clearly supported by the jury's findings. As illustrated at trial, the Defendant Gispert maintained that he sincerely believed that he was not a "convicted" felon when he purchased the firearm, and that this belief was reasonable given the legal advice that he had received. Apparently, the jury found the Defendant's account convincing, and after careful deliberations, returned a verdict of not guilty as to Count II of the indictment, because the Defendant did not *knowingly* make a false written statement to a firearms dealer.

Further, while the Defendant's ignorance of his "conviction" status did not preclude his being convicted of section 922(g)(1) at trial, the Defendant's good faith reliance, and his lack of moral culpability nevertheless demonstrate the kind of difficulties that arise from the government's unwarranted and expansive construction of the word "conviction." *See Crandon v. United States,* 494 U.S. 152, 160, 110 S.Ct. 997, 1002, 108 L.Ed.2d 132 (1990) ("[The] construction of a criminal statute must be guided by the need for fair warning."). In contrast, this Court's findings expedite a fair clarification of section 922(g)(1), and thus further the interests of justice.

### III. *Conclusion*

In light of the previous reasoning, the Court holds that under Florida law when a defendant has pled guilty and the court has withheld adjudication of guilt, the plea of guilty constitutes a "conviction" for the purposes of Title 18 U.S.C. § 922(g)(1) only during the interval within which the adjudication remains withheld. However, once the defendant has successfully completed his probation, and the state court no longer has jurisdiction to adjudicate the defendant guilty, the plea of guilty cannot serve as a predicate "conviction" under Title 18 U.S.C. § 922(g)(1).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Renewed Motion For Judgment Of Acquittal (DE 37) be and the same is hereby **GRANTED;** and

2. The Court hereby sets aside the verdict of guilty reached by the jury in the above-styled cause and enters a Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure for the Defendant Gispert, as to Count I of the Indictment in the above-styled cause.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant Gispert be discharged to go hence without day for return and exonerated of bond, if any, as to the Indictment hereinabove specified.

**DONE AND ORDERED.**