VAN NORTWICK, Judge.
Appellant, Richard Edward Shoda, appeals separate community control and probation orders entered upon his revocation of probation for a third degree felony offense. We reverse the order imposing three years probation because the trial court failed to give Shoda credit for time previously served on probation. As a result, the imposition of Shoda’s successive three-year probationary term constitutes a sentence in excess of the statutory maximum. We affirm the trial court’s order imposing two years community control because the trial court was not required to give credit against that sentence for time previously served on probation.
On June 21, 1990, in Case No. 90-52, Sho-da was placed on five years probation after pleading no contest to armed trespass, a third degree felony. On October 20, 1993, an affidavit of violation of probation was filed alleging that Shoda had committed new offenses. At approximately the same time, he was charged with DUI with serious bodily injury and felony possession of marijuana (Case No. 93-1284). Shoda admitted the probation violation and pled no contest to the new charges. Thereafter, Shoda’s probation was revoked and, on both the probation violation and the new charges, he was placed on two years community control followed by three years probation. Separate community control and probation orders were entered in each ease. In this appeal, Shoda challenges the orders imposed for the probation violation in Case No. 90-52.
The state concedes that, as to Shoda’s probation sentence, the trial court was required to give Shoda credit toward his new three-year probationary term for the time that he previously served on probation. State v. Summers, 642 So.2d 742 (Fla.1994). However, the state argues, and we agree based on this court’s prior decisions applying Summers, supra, and State v. Roundtree, 644 So.2d 1358 (Fla.1994), that the trial court was permitted to give Shoda a new community control sentence without the necessity of crediting against that sentence time previously served on probation. Eanes v. State, 648 So.2d 174 (Fla. 1st DCA 1994); Gardner v. State, 656 So.2d 933, 938-40 (Fla. 1st DCA 1995).
In addition, we certify the following question to the Florida Supreme Court as a question of great public importance:
UPON REVOCATION OF PROBATION AND THE IMPOSITION OF A NEW COMMUNITY CONTROL SENTENCE, MUST THE TRIAL COURT GIVE CREDIT FOR TIME PREVIOUSLY SERVED ON PROBATION TOWARDS THE NEWLY IMPOSED COMMUNITY CONTROL SENTENCE?
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
MICKLE and BENTON, JJ., concur.