CONFESSION OF ERROR

PER CURIAM.
The State confesses error in the trial court’s denial of the defendant’s motion to set aside illegal sentence on the grounds that the judge did not have jurisdiction to enter the sentences.
With regards to the first degree misdemeanor, the trial court erred in imposing a new probationary period without giving credit for time already served on probation. See State v. Summers, 642 So.2d 742 (Fla. 1994). Additionally, the court was without jurisdiction to impose a new sentence for the second degree misdemeanor charge. Once a defendant’s term of probation has expired, the trial court loses all jurisdiction over the defendant unless an affidavit of the probation’s violation or a motion to modify the probation has been filed before the term expires. Carroll v. Cochran, 140 So.2d 300 (Fla.1962); Davis v. State, 623 So.2d 579 (Fla. 3d DCA 1993). Here, with regards to the second degree misdemeanor, affidavits were filed, but well after the probation expired. Because the court did not have jurisdiction over the defendant to revoke probation and impose a new sentence, we reverse. See Carroll, 140 So.2d at 301; Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992).
Reversed.