666 So.2d 134 (1996)
Richard Edward SHODA, Petitioner,
v.
STATE of Florida, Respondent.
No. 86259.
Supreme Court of Florida.
January 4, 1996.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Vincent Altieri, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We have for review Shoda v. State, 658 So.2d 673 (Fla. 1st DCA 1995), wherein the First District Court of Appeal certified the following question to be of great public importance:
UPON REVOCATION OF PROBATION AND THE IMPOSITION OF NEW COMMUNITY CONTROL SENTENCE, MUST THE TRIAL COURT GIVE CREDIT FOR TIME PREVIOUSLY SERVED ON PROBATION TOWARDS THE NEWLY IMPOSED COMMUNITY CONTROL SENTENCE?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court concluded that the trial court in this case was not required to give Shoda credit for time previously served on probation towards a newly imposed term of community control. In reaching that conclusion, the district court relied on its prior *135 decision in Eanes v. State, 648 So.2d 174 (Fla. 1st DCA 1994), which we since have quashed. Eanes v. State, 662 So.2d 334 (Fla. 1995).
Accordingly, based on our decision in Eanes, we answer the certified question in the affirmative,[1] quash the decision under review, and remand for further proceedings consistent with this decision.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Accord Waters v. State, 662 So.2d 332 (Fla. 1995); State v. Roundtree, 644 So.2d 1358 (Fla. 1994).