ANTOON, Judge.
Katherine Beagling (defendant) appeals the sentences imposed upon a violation of probation, arguing that the sentences exceed the maximum term authorized by statute. We agree and reverse.
In November 1989, the defendant was charged with two counts of resisting an officer with violence[1] (Counts I and III), and two counts of battery on a law enforcement officer[2] (Counts IV and V).[3] Each of these offenses is a third degree felony punishable by a maximum term of five years’ state supervision.[4] The jury returned verdicts of guilty as charged, and the defendant was sentenced to concurrent terms of two years’ community control followed by five years’ probation on each offense. The defendant’s sentences of community control were later transferred to sentences of probation.[5]
Following a violation of probation in 1992, the trial court reinstated the defendant’s probation on all counts. When the defendant violated her probation a second time in 1995, the trial court adjudicated her guilty, terminated her probation, and resen-tenced her to concurrent terms of two years’ probation. The defendant now challenges these sentences, arguing that the sentences are illegal because, when combined with the time she has already served on community control and probation, the sentences exceed the five-year statutory maximum authorized for third degree felonies. We agree. Where, as here, a trial court initially imposes community control followed by probation, the trial court must upon revocation credit the time the defendant previously served on community control and/or probation to a newly-imposed term of probation for the same offense so that the total term of probation and community control served does not exceed the statutory maximum. Waters v. State, 662 So.2d 332 (Fla.1995); State v. Roundtree, 644 So.2d 1358, 1359 (Fla.1994); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). See also State v. Wardell, 642 So.2d 745 (Fla.1994); State v. Summers, 642 So.2d 742 (Fla.1994). By imposing the additional terms of two years’ probation, the trial court improperly subjected the defendant to a total of seven years’ state supervision.[6]
*1021 Accordingly, the defendant’s sentences are reversed and this case remanded for resen-tencing.
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.

. § 843.01, Fla.Stat. (1989).

. § 784.07(2)(a), Fla.Stat. (1989).

. The defendant was also convicted and sentenced on Count II of disorderly intoxication, section 856.011, Florida Statutes (1989). This sentence has not been challenged.

.§ 775.082(3)(d), Fla.Stat. (1989).

. § 948.01(7), Fla.Stat. (1989).

. In so ruling we reject the state’s argument that it was permissible to sentence the defendant to a term of supervision greater than five years because the trial court could have initially imposed consecutive sentences.