THOMPSON, Judge.
Gary Gardner appeals the sentences imposed after his plea of nolo contendere to three counts of violation of probation. Gardner argues that the sentences exceed the statutory maximum and, therefore, are illegal. Further, the written sentence as to one of the counts was inconsistent with the oral pronouncement. We reverse.
The three underlying offenses were: Count I, attempted shooting into or throwing a missile into an occupied vehicle, a felony of the third degree; Count II, criminal mischief, a misdemeanor of the first degree; and, Count III, assault, a misdemeanor of the second degree. Initially, Gardner was sentenced to four years incarceration followed by one year of probation on Count I and one year of probation on Counts II and III. All sentences were to be served concurrently. After his probation was revoked on these charges, the trial court sentenced Gardner to two years of community control on each count, all sentences to run concurrently.
The sentence for Count I exceeds the five year statutory maximum sentence[1] which may be imposed for a felony of the third degree. Where the defendant originally receives a split sentence of prison time and probation, and then is sentenced to community control following a revocation of probation, a court must take into account all time previously served in prison and on probation, so that the total term of probation, community control and jail time imposed does not exceed the statutory maximum. Shoda v. State, 666 So.2d 134 (Fla.1996); Waters v. State, 662 So.2d 332 (Fla.1995); State v. Roundtree, 644 So.2d 1358 (Fla.1994); State v. Summers, 642 So.2d 742 (Flá.1994); Beagling v. State, 667 So.2d 1019 (Fla. 5th DCA 1996); Gardner v. State, 656 So.2d 933 (Fla. 1st DCA 1995).[2] Here, by sentencing Gardner to two years community control on Count I, after he had already served approximately three and a half years in prison and additional time on probation, the trial court went beyond the five year permissible maximum.
The trial court also exceeded the statutory maximum when it sentenced Gardner to two years community control on Counts II and III. The maximum sentence is one year in the county jail or one year probation for a misdemeanor of the first degree, sections 806.13(l)(b)2 & 775.082(4)(a), Florida Statutes (1989), and 60 days for a misdemeanor of the second degree, sections 784.011(2) & 775.082(4)(b), Florida Statutes (1989). Gardner is entitled to credit for the time previously served on probation. Bennett v. State, 664 So.2d 70 (Fla. 3d DCA 1995); Mathis v. State, 649 So.2d 279 (Fla. 3d DCA 1995).
Also, as to Count II, the trial court orally stated that Gardner would be sentenced to time served. However, the written sentence placed Gardner on two years community control. A written sentence that conflicts with an oral sentence must be remanded for resentencing. Justice v. State, 658 So.2d 1028 (Fla. 5th DCA 1995); Alexander v. State, 643 So.2d 652 (Fla. 5th DCA 1994).
Accordingly, we affirm the conviction but reverse the sentence and remand for resen-tencing.
AFFIRM conviction; REVERSE sentences; REMAND for resentencing.
GOSHORN and GRIFFIN, JJ., concur.

. §§ 775.082(3)(d), 777.04(4)(c) and 790.19, Fla. Stat. (1989).

. However, because the underlying offenses in this case were committed on November 22, 1990, the trial court is not required to credit Gardner with gain time against his subsequent sentence. § 948.06(6), Fla.Stat. (1989); see generally Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993); Bland v. State, 664 So.2d 35 (Fla. 5th DCA 1995).