[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14085
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20041-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SANTOS LOPEZ HERNANDEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 28, 2013)

Before BARKETT,  MARTIN  and FAY, Circuit Judges.

PER CURIAM:

Jose Santos Lopez Hernandez appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Lopez Hernandez argues that his guilty plea to a Florida state felony offense followed by a withholding of adjudication was not a "conviction" for purposes of 18 U.S.C. § 922(g).

Under the prior precedent rule, a panel of this Court is bound to follow a prior binding precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). However, when the prior decision involves interpretations of state law, if the applicable state law "changes or is clarified in a way that is inconsistent with the state law premise of one of our earlier decisions, the prior panel precedent rule does not bind us to follow our earlier decision." *United States v. Johnson*, 528 F.3d 1318, 1320 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). We have "categorically rejected an overlooked reason or argument exception to the prior precedent rule." *Id.*

We first addressed the question of whether a guilty plea to a Florida state felony offense and a withholding of adjudication constitutes a predicate conviction under § 922(g) in *United States v. Orellanes*, 809 F.2d 1526 (11th Cir. 1987). Relying on the Florida Supreme Court's opinion in *State v. Gazda*, 257 So.2d 242, 243-33 (Fla. 1971), we held that "the term 'conviction' means determination of

2

guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court." *Orellanes*, 809 F.2d at 1528. Two years later, relying on *Orellanes*, we reaffirmed that "under Florida law a person is considered a convicted felon when there has been a withholding of adjudication of guilt." *United States v. Grinkiewicz*, 873 F.2d 253, 255 (11th Cir. 1989).

We revisited the issue in 2001, and, operating under plain error review, held that the district court did not plainly err when it accepted the defendant's guilty plea to the felon-in-possession charge. *United States v. Chubbuck*, 252 F.3d 1300, 1306 (11th Cir. 2001). In *Chubbuck*, we recognized the holdings of *Orellanes* and *Grinkiewicz*, but noted that the analysis in *Orellanes* may not have fully accounted for the context-specific nature of the term "conviction" under Florida law. *Id.* at 1304. While *Orellanes* and *Grinkiewicz* relied on a Florida Supreme Court decision defining the term "conviction" with regard to Florida's Limitation On Withheld Sentences Statute, because the term is context-specific, "the more appropriate source of applicable Florida law would be that surrounding Florida's own unlawful possession of firearms by a felon statute, FLA. STAT. § 790.23." *Id.* However, we determined that the case law in the area was limited but varied, and there was no definitive statement from the Florida Supreme Court on the issue. *Id.* at 1304-05. Accordingly, we concluded that, although it had "become increasingly clear that perhaps our interpretation of Florida law was either in error or has since

3

changed," because there was no definitive authority from the Florida Supreme Court that contradicted our precedent, the district court did not commit plain error in accepting Chubbuck's guilty plea. *Id*. at 1305.  We noted, however, that "the prior precedent rule would not apply if intervening on-point case law from either this Court *en banc*, the United States Supreme Court, or the Florida Supreme Court existed." *Id.* at 1305 n.7.

Here, the district court did not err because the law of this Circuit, as stated in *Orellanes*, *Grinkiewicz*, and *Chubbuck*, is that Lopez Hernandez's guilty plea to a Florida felony offense followed by a withheld adjudication qualifies as a "conviction" for purposes of 18 U.S.C. § 922(g).  Because there no intervening, on-point case law from the Florida Supreme Court, this Court *en banc*, or the Supreme Court, the district court's conclusion was compelled by the prior precedent rule.

**AFFIRMED.**

4