[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13919
Non-Argument Calendar
_____

D.C. Docket No. 1:86-cr-00146-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2019)

Before JILL PRYOR, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Nathaniel James, a federal prisoner proceeding pro se, appeals the district court's denial of his pro se motion for attorney's fees.  We affirm.

## I. BACKGROUND

In 1986, James was indicted with nine counts of receiving a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(h)(1).[1]  The predicate felony for his firearm offenses stemmed from a 1985 conviction for carrying a concealed firearm, in violation of Fla. Stat. § 790.01, which James pled *nolo contendere* to and the court withheld adjudication.[2]  Following his 1985 plea, he purchased nine firearms, which gave rise to the 1986 indictment.  James was convicted on July 23, 1986, of all counts after a non-jury trial and was placed on three years of probation.  In March 1990, after a probation revocation hearing, the district court found James guilty of violating his probation and sentenced him to 30 years of imprisonment.  The district court also adjudged James to be a career criminal and imposed his sentence pursuant to 18 U.S.C. § 4205(b)(l).  We affirmed the district court's judgment in 1991.  *United States v. James*, 937 F.2d 619 (11th Cir. 1991) (table).

In 1992, James filed his first motion to vacate, pursuant to 28 U.S.C. § 2255.  The district court denied his motion, and we affirmed in 1994.  *James v. United*

---

[1] Section 922(h)(1) is now codified as 18 U.S.C. § 922(g)(1).

[2] It appears that James pled *nolo contendere* to this violation, as a later district court order references his "predicate nolo contendere plea"; this fact appears to not be disputed.

*States*, 24 F.3d 253 (11th Cir. 1994) (table).  James filed a second § 2255 motion in 1996, which the district court dismissed; we affirmed in 1999.  *James v. United States*, 180 F.3d 269 (11th Cir. 1999) (table).

In 2008, James filed a pro se motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(4), (6), seeking to set aside his felon-in-possession conviction.  He argued that the district court erred in denying his 1992 § 2255 motion, because, under *United States v. Willis*, 106 F.3d 966 (11th Cir. 1997), a plea of *nolo contendere* in the state of Florida was not considered a conviction.  He argued that he therefore was unlawfully convicted of possession of a firearm by a convicted felon, as his 1985 *nolo contendere* plea could not serve as a predicate for his federal offense.  The district court denied his motion and found that *Willis* was inapplicable to James's case, as the amendment to the felon-in-possession statute incorporating *Willis* became effective after the conduct for which James was indicted.

In May 2016, James filed a third § 2255 motion, again arguing that he was unlawfully convicted of the firearm offenses.  He argued that his convictions were void in light of *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), where we held that an "adjudication withheld" was no longer considered a conviction for the purposes of applying the "federal criminal statutes."  He argued that, as a result, his conviction under § 922(h)(1) must be vacated.

3

A magistrate judge issued a Report and Recommendation ("R&R"), recommending that the district court grant James's motion. The R&R noted that James had a valid "actual innocence" claim because the actions that he committed in 1985 that led to his nine convictions in 1986 had been determined by *Clarke* to not constitute a crime. It noted that James's motion should therefore be construed as a writ of error *coram nobis*. The government conceded that James's convictions were no longer valid and did not file an objection to the report.

In 2017, the district court granted James's motion to vacate his conviction for receiving firearms as a convicted felon, construing the motion as a request for a writ of error *coram nobis*. It noted that, based on the R&R and an independent review of the record, James's motion should be granted and his firearm convictions vacated, due to our decision in *Clarke* rendering his convictions invalid.

Subsequently, James filed a motion for attorney's fees, pursuant to 28 U.S.C. § 2412. He argued that he was owed attorney's fees pursuant to the Hyde Amendment.[3] He argued that the government's "position [was] vexatious, frivolous and taken in bad faith."

The magistrate judge denied James's motion for attorney's fees. He noted that James had "failed to meet his 'daunting' burden and [could not] demonstrate

---

[3] Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes).

4

that the government's position was vexatious, frivolous, or in bad faith." The judge stated that James's argument ignored precedent from this court that existed before the *Clarke* decision, "that definitively established that a withheld-adjudication could be considered a predicate offense in relation to a federal firearm conviction." The judge stated that, in the two decades after James's conviction, there existed binding precedent that directly foreclosed the arguments he made in his motion.[4] The judge noted that James conceded that the Florida Supreme Court did not determine, prior to 2016, whether a violation of a Florida criminal statute could amount to a predicate felony under § 922(g) if adjudication was ultimately withheld by the state court. He noted that his concession undercut James's entire argument.

The judge stated that, if it were to find that the government's position during the prosecution of the underlying firearm offense was vexatious or frivolous, federal prosecutors would then be required to anticipate every change in the law that might occur in the years following any defendant's conviction. The judge noted that this was an impossible burden on the government and that the Hyde Amendment did "not require such prescience" by prosecutors. The judge noted that James needed to show more than the fact that he ultimately prevailed on his §

---

[4] Citing *United States v. Grinkiewicz*, 873 F.2d 253, 254 (11th Cir. 1989); *United States v. Chubbuck*, 252 F.3d 1300, 1303 (11th Cir. 2001); *United States v. Santiago*, 601 F.3d 1241, 1243 (11th Cir. 2010); *United States v. Hernandez*, 522 F. App'x 908 (11th Cir. 2013).

2255 motion in order to be awarded attorney's fees. The judge found that James had "not in any way shown" that the government's position was vexatious, frivolous, or in bad faith, when it prosecuted his offenses in 1986.

James filed a motion for reconsideration of the denial of his motion for attorney's fees. The district court denied James's motion for reconsideration. It noted that it denied the motion "[f]or the reasons set forth in [the magistrate judge's] thorough order."

## II. DISCUSSION

On appeal, James appears to argue that the district court did not resolve his Hyde Amendment claim and that, at the time of his indictment, Florida law and the law of this court made clear that a *nolo contendere* plea where adjudication was withheld was not a conviction. He argues that, therefore, the district court's findings of fact in denying his motion for attorney's fees were clearly erroneous.

A grant or denial of attorney's fees under the Hyde Amendment "is reviewed for an abuse of discretion." *United States v. Adkinson*, 247 F.3d 1289, 1290 (11th Cir. 2001). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award [or a denial] upon findings of fact that are clearly erroneous." *United States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999)

(alteration in original) (quoting *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Hyde Amendment provides, in relevant part, that:

During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

*See* Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). "'Vexatious' means 'without reasonable or probable cause or excuse.'" *Gilbert*, 198 F.3d at 1298-99 (quoting *Black's Law Dictionary* 1559 (7th ed. 1999)). "A 'frivolous action' is one that is '[g]roundless . . . with little prospect of success; often brought to embarrass or annoy the defendant.'" *Id.* at 1299 (alterations in original) (quoting *Black's Law Dictionary* 668 (6th ed. 1990)). "'[B]ad faith' 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of

dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'"  *Id.* (second alternation in original) (quoting *Black's Law Dictionary* 139 (6th ed. 1990)).

In *United States v. Orellanes*, we held that an "adjudication withheld" following a guilty plea qualified as a conviction for purposes of rendering the defendant a "convicted felon," and thus, prohibited him from being able to receive firearms.  809 F.2d 1526, 1528 (11th Cir. 1987), *abrogated by Clarke*, 822 F.3d 1213.  In *Willis*, we held that a plea of *nolo contendere* without an adjudication of guilt in the state of Florida is not considered to be a conviction.  *Willis*, 106 F.3d at 968-69.  The issue was one of first impression before us in 1997.  *Id*. at 968.  Prior to *Willis*, the Florida Supreme Court found that the term "conviction" meant a "determination of guilty by verdict of the jury or by plea of guilty," but also stated that no adjudication was necessary by the court.  *State v. Gazda*, 257 So. 2d 242, 243-44 (Fla. 1971).  Finally, in *Clarke*, we abrogated *Orellanes* and vacated the federal conviction at issue.  *See Clarke*, 822 F.3d 1214-15.

Here, because the government's 1986 prosecution of James was substantially justified, James has not shown that the government's position was vexatious, frivolous, or pursued in bad faith.  Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997).  His concealed firearm conviction was vacated because of our decision in *Clarke*, not due to any misconduct by the government.  Up until that

point, the district court had upheld James's convictions multiple times, and we had affirmed multiple times.  The government appears to have relied on good law at the time that it prosecuted James and on the date that his criminal case was pending.  There is no evidence that the government pursued its case in bad faith or that its case was groundless in 1986.  Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997).  Accordingly, the district court did not abuse its discretion by denying James an award of attorney's fees and costs under the Hyde Amendment.

**AFFIRMED.**