UNITED STATES of America, Plaintiff,

v.

James Michael MILLIKEN, Defendant.

No. 90–3011–TU, Crim. No. 89–20279–TU.

United States District Court,
W.D. Tennessee, W.D.

June 21, 1991.

James Michael Milliken, pro se.

Joseph C. Murphy, Asst. U.S. Atty., for U.S.

ORDER ON SECTION 2255 MOTION

TURNER, District Judge.

On December 28, 1990, James Michael Milliken filed a motion under 28 U.S.C. § 2255 attacking the 15–year sentence imposed upon him March 2, 1990 following his guilty plea to a one count indictment brought under 18 U.S.C. § 922(g). Defendant's sentence of 15 years was the minimum pursuant to the provisions of 18 U.S.C. § 924(e)(1) and was adjuged against him in accordance with his plea agreement.

Defendant entered what may be termed an *"Alford* plea" wherein he did not admit his guilt with respect to the crime charged, but asked the court to accept his plea of guilty pursuant to the plea agreement so

that he might be assured of receiving the minimum sentence. The court accepted the plea after a full hearing. Defendant now attacks this sentence and his conviction on four separate grounds.

He first asserts that he was not advised that 18 U.S.C. § 924(e), which provided the minimum penalty of 15 years, was a separate violation from 18 U.S.C. § 922(g), which was the statute under which the defendant was indicted. Second, he argues that but for counsel's inaccurate advice regarding the maximum possible penalty faced by the defendant he would not have pled guilty and, therefore, he was coerced into confessing to this crime. Third, the defendant argues that his conviction was obtained by a violation of the protection against double jeopardy. Fourth, the defendant argues that he was denied his right to appeal by virtue of ineffective assistance of counsel and the above-mentioned misadvice of counsel.

■ With respect to the first ground for this motion, 18 U.S.C. § 924(e) does not create a separate offense mandating an indictment under that section. It is a penalty enhancement statute, not a separate crime. *United States v. Brewer*, 853 F.2d 1319 (6th Cir.), *cert denied*, 488 U.S. 946, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988), 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989) (construing 18 U.S.C. § 1202(a) which was subsequently re-enacted as 18 U.S.C. § 924(e)). *See also, United States v. Jackson*, 824 F.2d 21, 23 n. 2 (D.C.Cir. 1987), *cert. denied*, 484 U.S. 1013, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988) (18 U.S.C. § 924(e) does not create a separate, indictable offense). Thus, defendant's claim of ineffective assistance of counsel on this point of law (i.e., that the grand jury indictment was faulty because it failed to indict under the provisions of section 924(e)), must fail.

In his second argument, defendant contends that the maximum possible penalty provided by 18 U.S.C. § 922(g) is less than 15 years, the sentence which he received. This argument likewise fails inasmuch as the provisions of section 924(e) are applicable with respect to conviction under section 922(g) and do provide for a sentence of 15 years when there are three prior convictions for serious drug offenses or violent felonies.

■ In his third argument, the defendant submits that his previous felony convictions do not meet the statutory criteria under 18 U.S.C. § 924(e) for a 15-year sentence. Without taking into account the defendant's conviction in October of 1968 for possession of a narcotic drug, the record reflects that the defendant was convicted of aggravated battery on July 11, 1975, and that although his penalty was only assessed at one year in the county jail, the conviction carried a possible sentence in excess of one year which is the criteria to be utilized under 18 U.S.C. § 924(e)(2)(B). In addition, defendant's burglary conviction of January 9, 1976 meets the criteria under section 924(e). Defendant argues that burglary that does not carry with it the potential for violence cannot be considered. In this respect he is incorrect. Burglary is a "violent felony" for purposes of section 924(e) " 'without regard to whether the underlying conduct involved actual or potential violence.' " *United States v. Merritt*, 882 F.2d 916, 919 (5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990). *Accord, United States v. Taylor*, 882 F.2d 1018, 1023 (6th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 *reh'g denied*, —— U.S. ——, 111 S.Ct. 6, 111 L.Ed.2d 822 (1990) (whether a prior conviction involves a "violent felony" is determined by reference to the statute under which the defendant was charged, not his actual conduct).

■ A more significant question was presented by the defendant with respect to his aggravated battery charge in Florida as to which adjudication was withheld and a five-year sentence of probation was imposed. Defendant contends that since there was no judgment of guilt, there was no conviction within the meaning of section 924(e). The Florida statute which provides for the withholding of adjudication and the assessment of a probationary sentence carries with it a predicate that the sentence must be based upon a plea of guilty, a

verdict of guilty, or a plea of nolo contendre. *Fla.Stat.Ann.* § 948.01. The defendant's plea on that charge constitutes a conviction with respect to the provisions of 18 U.S.C. § 924(e). *See United States v. Orellanes,* 809 F.2d 1526 (11th Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). In that case, the United States Court of Appeals for the Eleventh Circuit noted that in *State v. Gazda,* 257 So.2d 242 (Fla.1971), the Florida Supreme Court declared that: "The term 'conviction' means determination of guilty by verdict of the jury or by a plea of guilty, and does not require adjudication by the court." Given the provisions of 18 U.S.C. § 921(a)(20), Florida's decision that a plea of guilty constitutes a conviction without regard to the adjudication of guilt is controlling. The aggravated battery charge resolved on August 30, 1977 with a five-year probationary sentence therefore was properly considered in determining whether the defendant met the three previous felony requirements of 18 U.S.C. § 924(e).

Under these circumstances, the court's decision that the 15–year enhanced penalty applied, because of the defendant's three prior offenses which meet the criteria of section 924(e)(1), was correct.

Finally, the defendant complains that he was not given proper advice by counsel with respect to appealing the judgment of this court. The defendant entered into a plea agreement which provided for a sentence of 15 years. The sentence was the minimum provided by law and any advice by counsel that defendant did not have a basis for appeal worked no actual prejudice to the defendant.

Based on the foregoing, the defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is not well taken and it is therefore denied.

IT IS SO ORDERED.