**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Henry W. HALL, Defendant–Appellant.**

No. 92–5386.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 29, 1992.

Decided Nov. 4, 1992.

James Zerhusen, Asst. U.S. Atty., (briefed & argued), Karen K. Caldwell, U.S. Atty., Lexington, Ky., for plaintiff-appellee.

Don B. Mills, (argued & briefed), Mills & Mills, Barbourville, Ky., for defendant-appellant.

Before KEITH, KENNEDY, and JONES, Circuit Judges.

PER CURIAM.

Defendant Henry Walter Hall (a.k.a. Mike Baker), was indicted on June 20, 1991, on three counts. The first count charged Hall with the possession of a stolen United States Postal money order machine, in violation of 18 U.S.C. § 500. The second count charged Hall with the possession of stolen United States Postal money order forms, in violation of 18 U.S.C. § 500. The

third count charged Hall with the possession of four firearms, after having been convicted of crimes punishable for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). On June 21, 1991, the United States filed a notice identifying Hall as an Armed Career Criminal within the meaning of 18 U.S.C. § 924(e). The notice described three violent felonies committed by Hall, including a guilty plea in a Lee County (Virginia) Circuit Court for the offenses of attempted robbery, use of a firearm in the commission of a felony, and murder. The other two felonies described in the notice are not at issue in this appeal.

Hall filed a pre-trial motion to suppress any and all evidence seized from his room by the government, arguing that his landlord lacked the authority to consent to a search of his room. The district court referred Hall's motion to a Magistrate, who on November 8, 1991, recommended that Hall's motion to suppress be denied. On December 2, 1991, Judge Henry R. Wilhoit of the Eastern District of Kentucky, issued an order finding that the search was lawful. Hall also filed a motion on November 7, 1991, seeking an order from the district court to be transported to Lee County, Virginia so that he could withdraw his plea of guilty to the charges against him in the Lee County, Circuit Court. The district court denied this motion.

Through plea negotiations with Hall, the United States agreed to dismiss the first two counts of the indictment if Hall pled guilty to the third count. On December 2, 1991, Hall entered a plea of guilty to the third count of the indictment, reserving his right to appeal (1) the denial of his motion to suppress evidence; (2) the use of his guilty plea in Virginia for increased punishment as an Armed Career Criminal; and (3) the denial of his motion to be transported to Virginia to withdraw his guilty plea. At sentencing on March 6, 1992, Hall objected to the use of his Virginia guilty plea to support increased punishment as an Armed Career Criminal within the meaning of 18 U.S.C. § 924(e). The district court, however, concluded that the sentencing enhancement provision of 18 U.S.C. § 924(e) applied

and sentenced Hall to 180 months imprisonment. For the reasons stated below, we AFFIRM Hall's conviction and sentence.

## I.

On February 27, 1991, Kentucky State Police Officers and United States Postal Service Inspectors went to the residence of Grant Sizemore near Woolum, Kentucky searching for Hall. The officers suspected Hall of having stolen blank money order forms and a money order machine from the United States Post Office at Goose Rock, in Clay County, Kentucky. The Goose Rock Post Office was burglarized during the weekend of January 26–28, 1991. Sizemore, who knew Hall by the name of "Mike Baker", allowed Hall to stay in a room at his residence in exchange for Hall's help on his farm. Sizemore testified that he owned all of the furniture in Hall's room and that the door to Hall's room was never locked. Sizemore further testified that Hall's bedroom was adjacent to a storage room where Sizemore stored personal items. Although Sizemore testified that he never entered Hall's room when Hall was not at home, Sizemore indicated that he had access to both rooms at all times.

After giving the officers a description of "Baker" that matched that of Hall's, Sizemore gave the officers permission to search his residence and took them to the room where Hall resided. The police entered and searched Hall's room where they discovered a loaded .44 magnum rifle leaning against a wall, two CB radio transmitters on top of a dresser, and a bullet proof vest on a television stand. A search of a dresser drawer and chest in Hall's room uncovered a .22 caliber pistol with a silencer, a .357 magnum revolver, ammunition, handcuffs, and a stun gun. Among other items discovered in the search of Hall's room were a green plastic trash bag containing the postal money order machine and money order forms stolen from the Goose Rock Post Office. All of these items were seized by the officers.

This appeal is based on the reservation of rights in Hall's conditional plea agreement. Specifically, Hall contends that the district court erred in (1) denying his motion to suppress evidence seized during the warrantless search of his room; (2) using his Virginia guilty plea as a predicate conviction for increased punishment as an Armed Career Criminal; and (3) denying his motion to be transported to Virginia to withdraw his guilty plea. Each argument is addressed below seriatim.

## II.

### A. The Search of Hall's Room

█ Hall urges this Court to reverse the district court's denial of his motion to suppress the evidence seized from his room at the Sizemore residence, on the grounds that the warrantless search was unreasonable and cannot be justified based on Sizemore's consent to the search. This Circuit, however, held in *United States v. Clutter* that:

> [a] search does not violate the Fourth Amendment where police obtain consent to search from one who possesses common authority over the premises with the absent non-consenting target of the search.

914 F.2d 775, 777 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1413, 113 L.Ed.2d 466 (1991) (citing *United States v. Matlock*, 415 U.S. 164, 169, 94 S.Ct. 988, 992, 39 L.Ed.2d 242 (1974)). In *Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court defined common authority as:

> [The] mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Id.* at 171 n. 7, 94 S.Ct. at 993 n. 7.

In *United States v. Moore*, 917 F.2d 215 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991), this Circuit elaborated on the concept of "common authority" as discussed in *Matlock* and *Clutter*. In *Moore*, this Circuit held that third-party consent "may be established by showing that permission to search was obtained by a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *Moore*, 917 F.2d at 223 (citing *Matlock*).

The record supports the district court's holding that Sizemore had common authority over Hall's room, and, therefore, validly consented to the search of the room. The Magistrate's findings on this issue were as follows:

> Here, Sizemore owned the house, all the furniture in the room, and had personal items stored in an adjacent room which he could access through Hall's rental room. The room was never locked. Sizemore testified that there was never an agreement or understanding between him and Hall that he was not to go into the room (P. 10, Q. 37). Obviously, he felt he had authority to consent to the search (P. 15, Q. 67–70; P. 17, Q. 83), as does the Magistrate Judge.

(R. 26: *Proposed Findings of Fact and Recommendation*, pps. 5–6).

█ Even if Sizemore's consent to the search of Hall's room is invalid under the Fourth Amendment, the Supreme Court has held that a "warrantless entry is valid when based upon the consent of a third party whom the police, at the time of the entry, reasonably believe to possess common authority over the premises, but who in fact does not." *Illinois v. Rodriquez*, 497 U.S. 177, 177, 110 S.Ct. 2793, 2796, 111 L.Ed.2d 148 (1990). The Court further noted in *Rodriquez* that the reasonableness of the government's decision to search is assessed by the "objective standard of whether the facts available at the moment would warrant a person of reasonable caution in the belief that the consenting party had authority over the premises." *Rodriquez*, 497 U.S. at 177, 110 S.Ct. at 2796. Detective Alice Chaney testified that during the search, the police acted with the understanding and belief that Sizemore was the

owner of the room and dressers and that he had the authority to consent to the police entrance and search. Relying on *Rodriquez,* the magistrate and the district court correctly held that the government officers were reasonable in their belief that Sizemore possessed common authority over Hall's room.

**B. The Term "Conviction" as used in the Armed Career Criminal Act**

██ Title 18 U.S.C. § 924(e) is entitled the Armed Career Criminal Act ("ACCA"). Under the ACCA, a person who violates section 18 U.S.C. § 922(g) by unlawfully possessing a firearm, and who has three previous violent felony convictions by any court, receives a mandatory minimum of fifteen years imprisonment without the possibility of parole. *See* 18 U.S.C. § 924(e)(1). Hall contends that the district court improperly relied on his Virginia guilty plea as the necessary third conviction of a violent felony, and, therefore, erred in determining that he is an Armed Career Criminal under the ACCA.

We have not previously addressed the issue of whether an unsentenced guilty plea constitutes a conviction under the ACCA. The Eleventh Circuit, however, has considered a defendant's challenge to a conviction under 18 U.S.C. § 922 for possession of a firearm by a convicted felon, where the underlying conviction was based on a guilty plea for a state offense in which adjudication had been withheld. *See United States v. Orellanes,* 809 F.2d 1526, 1528–29 (11th Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). In assessing whether the unsentenced guilty plea was a conviction for purposes of 18 U.S.C. § 922, the Eleventh Circuit considered a United States Senate report interpreting what was then a recently enacted federal firearms statute. Quoting from the Senate report, the Eleventh Circuit wrote:

> [T]hat a 'conviction' must be determined in accordance with the law of the jurisdiction where the underlying proceeding was held. This is intended to accommodate state reforms adopted since 1968, which permit dismissal of charges after a

plea and successful completion of a probationary period.... Since the federal prohibition is keyed to the state's conviction, state law should govern in these matters.

*Orellanes,* 809 F.2d at 1528 (citing Senate Report No. 98–538, 98th Cong., 2d Sess. 7 (1984)). Accordingly, the *Orellanes* court examined the law of the state where the defendant's guilty plea was entered to determine whether the plea was properly characterized as a conviction. The court found that the Florida Supreme Court ruled in *State v. Gazda,* 257 So.2d 242, 243–44 (Fla.1971), that "the term 'conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court." *Orellanes,* 809 F.2d at 1528. Consequently, the *Orellanes* court rejected the defendant's claim that the district court improperly characterized his state guilty plea as a conviction. *Id.*

The Western District of Tennessee applied the *Orellanes* reasoning in *United States v. Milliken,* 769 F.Supp. 1023 (W.D.Tenn.1991). In *Milliken,* the defendant challenged his sentencing enhancement as an Armed Career Criminal arguing that one of the underlying convictions (an aggravated battery charge in Florida) used to support the enhancement did not qualify as a "conviction" under the ACCA because sentencing was withheld pending a period of probation. *Milliken,* 769 F.Supp. at 1024–25. Citing *Orellanes,* the district court concluded that the defendant's unsentenced Florida conviction was properly considered in determining that he was an Armed Career Criminal. *Id.*

This Circuit now adopts the reasoning of the Eleventh Circuit as articulated in *Orellanes* and applied in *Milliken.* We must look to the law of the state where the plea was entered to determine whether it should be viewed as a conviction under the ACCA. Accordingly, the issue of whether Hall's guilty plea to the charge of murder in Virginia constitutes a conviction under the ACCA is controlled by Virginia law.

Virginia Revised Statute 19.2–283 specifies the ways in which an accused may be convicted of a felony:

> No person shall be convicted of [a] felony, unless by his confession of guilt in court, or by his plea, or by the verdict of a jury, accepted and recorded by the court, or by judgment of the court trying the case without a jury according to law.

This statute indicates that a plea of guilty constitutes a felony conviction, regardless of whether sentencing has taken place. Virginia case law also establishes that guilty pleas constitute convictions even without adjudication. For example, in *Savino v. Commonwealth*, the Virginia Supreme Court held that a "voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law." 239 Va. 534, 391 S.E.2d 276, 278 (1990) (citing *Peyton v. King*, 210 Va. 194, 169 S.E.2d 569 (1969)), *cert. denied, Savino v. Virginia*, — U.S. —, 111 S.Ct. 229, 112 L.Ed.2d 184 (1990). Accordingly, the district court was correct in considering Hall's Virginia guilty plea as a predicate felony conviction for the purpose of sentencing him under the ACCA.

C. Motion to be Transported to Withdraw Guilty Plea

Finally, Hall argues that the district court erred in denying his motion to be transported to Virginia to withdraw his guilty plea. Hall, however, offers no authority by which we may conclude that the district court erred in denying this motion. Therefore, we reject Hall's claim that the district court improperly denied his motion to be transported to Virginia to withdraw his guilty plea.

### III.

For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable Henry R. Wilhoit, United States District Judge for the Eastern District of Kentucky.