996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ahmed Glenn WILLIAMS, Defendant-Appellant.
 No. 92-1275.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1993.
 
 Before: MARTIN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ahmed Glenn Williams appeals his convictions for possession of counterfeit currency, possession of cocaine, and possession of a firearm during a drug-trafficking offense. We reject his three grounds for appeal and affirm his convictions.
 
 
 2
 On November 16, 1990, Ahmed Glenn Williams and an accomplice stole two laser copiers at gunpoint from A.V. Photographics in Ferndale, Michigan. On December 20, Williams entered the Food Value Market in Detroit, Michigan and tried to purchase a money order with counterfeit currency. Employees of the market recognized the counterfeit currency and held Williams until Detroit police officers arrived. The Detroit Police Department placed Williams in the custody of the United States Secret Service, which obtained a complaint and warrant against Williams for passing counterfeit currency. Williams was subsequently released from custody after he appeared on the complaint, but the Secret Service's investigation of the counterfeiting continued.
 
 
 3
 In January of 1991, Michigan law enforcement officers obtained an arrest warrant for Williams for robbery of the laser printer. Secret Service agents and Michigan officers monitored a house that they believed was Williams' residence for approximately one week before executing the arrest warrant on January 28. As the officers walked across the lawn in front of the house, Williams saw them through the open front door and slammed the door. As agents ran to the front steps, they heard footsteps inside the house and a toilet flushing. An agent saw Williams with a gun in his hand, struggling in a hallway with his stepfather, Donald Reese. The officers kicked in the front door and found Williams and Reese lying on the floor. They placed Williams under arrest and conducted a cursory investigation of the house to make sure that no one else was there. During this search, a police officer saw a pistol on a nightstand in one of the bedrooms.
 
 
 4
 The police officers asked Williams for permission to search the house, after handcuffing him and again after reading him his Miranda rights, but he responded on both occasions that the house belonged to Reese. The police then asked Reese if he would consent to a search of the house, and Reese gave his consent. The officers searched the house and found powder cocaine, cocaine base (crack cocaine), $1151 in cash, ammunition and clips for the pistol, a digital scale, another type of scale, an envelope addressed to Williams, and a copy of an arrest warrant for Williams.
 
 
 5
 Williams was indicted on July 18, 1991. The four-count indictment charged Williams with possession of counterfeit currency, a violation of 18 U.S.C. § 472, possession of powder cocaine and cocaine base with intent to distribute, violations of 18 U.S.C. § 841(a)(1), and use of a firearm in relation to a drug-trafficking offense, a violation of 18 U.S.C. § 924(c). Williams objected to introduction of evidence found in the full search of the house, arguing that Reese could not give consent for the police to search the house, but the district court, following a suppression hearing in September 1991, refused to suppress the evidence found in the full search of the house. Williams was tried before a jury. As part of its case-in-chief, the prosecution called several witnesses, including Roger Guthrie, Philip Spampinato, and Raymond Parker. Williams did not object to the testimony of any of these witnesses. The district court certified Guthrie as an expert, but Spampinato and Parker were only fact witnesses.
 
 
 6
 The jury found Williams guilty on all four counts of the indictment. The district court sentenced Williams to a term of imprisonment for ten years and one month on the counterfeiting and cocaine-possession charges, plus an additional five-year term for possession of a firearm during a drug-trafficking offense. Williams now appeals his convictions. Williams has three arguments on appeal. He argues that the evidence found during the full search of the house should not have been introduced against him at trial, that expert testimony was improperly used against him at trial, and that he received ineffective assistance of counsel.
 
 
 7
 The evidence found in the full search of the house should not have been suppressed. In Illinois v. Rodriguez, 497 U.S. 177, 179 (1990), the court held that the fourth amendment is not violated if police search a residence based on the consent of a person who they reasonably believe possesses authority over the premises. In this case, Williams argues that the officers could not have held a reasonable belief that Reese had authority over the premises because (1) they had watched the house for a week and had never seen Reese enter or exit, and (2) they knew that the utilities were listed in Williams's name. The district court held, and we agree, that the officers reasonably believed that Reese was capable of consenting to the search because Williams, the man that they thought controlled the house, said that Reese controlled the house. Cf. United States v. Hall, 979 F.2d 77, 79 (6th Cir.1992).
 
 
 8
 Williams also argues that even if Reese had authority to consent to the search, Reese's consent was involuntary because he was threatened by the police. The district court, however, determined that Reese voluntarily consented to the search. We may reject a finding that consent is voluntary only if it is clearly erroneous. United States v. Rose, 889 F.2d 1490, 1494 (6th Cir.1989). We cannot say that the district court was clearly erroneous in finding that Reese voluntarily consented to the search of the house.
 
 
 9
 The district court did not commit plain error by allowing Guthrie to testify at trial. The district court certified Roger Guthrie of the Bureau of Alcohol, Tobacco, and Firearms as an expert, and Guthrie merely testified about the drug-trafficking business in general. Williams did not object to Guthrie's testimony. Williams argues that Guthrie should not have been certified as an expert and that Guthrie impermissibly gave his opinion regarding the guilt or innocence of Williams. Because Williams did not object to Guthrie's certification or to his testimony, we may overturn Guthrie's conviction only if the district court committed plain error. E.g., United States v. Chalkias, 971 F.2d 1206, 1212 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992). In this case, the district court certified Guthrie for his expertise regarding drug trafficking, and his testimony centered solely on that subject. The district court did not commit plain error by accepting Guthrie as a witness nor did it commit plain error by allowing Guthrie to testify about drug trafficking. Additionally, we see nothing in the record which indicates that Guthrie testified regarding Williams' guilt.
 
 
 10
 The district court did not commit plain error by allowing Parker and Spampinato to testify. Williams argues that Parker and Spampinato provided opinion evidence even though they were not certified as experts. On the contrary, we see nothing in the record which indicates that they provided opinion evidence.
 
 
 11
 Finally, we are not able today to decide Williams' claim that his attorney's representation was so poor that his rights under the sixth amendment to the United States Constitution were abrogated. According to United States v. Hill, 688 F.2d 18 (6th Cir.), cert. denied, 459 U.S. 1074 (1982), resolution of claims that a criminal defendant has not been sufficiently represented by counsel is better left to proceedings under 28 U.S.C. § 2255 if the record is inadequate to evaluate a defendant's claims. However, according to United States v. Wunder, 919 F.2d 34 (6th Cir.1990), we may decide ineffective-assistance-of-counsel claims if the record is adequate to assess a defendant's allegations. In this case, the record is insufficient to evaluate Williams' claim that his counsel's performance at trial was so deficient as to warrant a new trial. We therefore cannot today overturn his conviction based upon this argument.
 
 
 12
 The judgment of the district court is affirmed.