35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Henry Louis HAINES, Plaintiff-Appellant,
v.
SAGINAW POLICE DEPARTMENT, and individual officers; Patrick
D. Richard; Steven W. Smith; Steven Bennett; John Doe, I,
Officer; Amanda Vouaux; Don Pussehl; John Doe, II; Buena
Vista Township; City of Saginaw; Others Unknown,
Defendants-Appellees.
 No. 93-1980.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard Haines, a pro se Michigan prisoner, appeals the district court's grant of summary judgment to defendants in his 42 U.S.C. Sec. 1983 action challenging the search of his apartment and his subsequent arrest. The issues are (1) whether the district court erred by granting plaintiff counsel's petition to withdraw, (2) whether the district court erred by denying plaintiff's petition for writ of habeas corpus ad testificandum, and (3) whether summary judgment was properly granted. For the reasons that follow, we affirm.
 
 I.
 
 2
 On August 4, 1986, Ms. Ethel Doty, an apartment building owner, called the Police Department of Saginaw, Michigan, and informed officers that while cleaning an apartment of a former tenant she found two safes whose doors had apparently been pried off. Officer Amanda Vouaux and Officer Donald Pussehl went to the apartment building. Ms. Doty directed the officers to a second floor apartment and told them that the former tenant, Richard Haines, had vacated the apartment and that she had been in the process of cleaning the apartment when she found the two safes. The officers entered the apartment, inspected the safes, and found that the safes had an identification indicating that they were owned by the Ryder Truck Company. The officers took custody of the safes and left the premises.
 
 
 3
 Further investigation revealed that the closest Ryder Truck distributorship was the P.I.E. Nationwide Trucking Depot located in Buena Vista Township, Michigan. Officer Vouaux then contacted Sergeant Steven Bennett of the Buena Vista Township Police Department to inquire whether the Buena Vista Police Department had a report of the safes being stolen. Buena Vista Police Officers then checked their records and found that they had received such a report several months earlier. On March 2, 1986, they had received a report of a breaking and entering at P.I.E. Nationwide, and a safe was among the items reported stolen. However, as Officer Patrick Richard's investigation of the breaking and entering had revealed no leads, the Buena Vista Police's case had been closed.
 
 
 4
 The Saginaw Police Department turned the safes over to Detective Steven Smith of the Buena Vista Police Department. After verifying that one of the safes had been stolen during the March 2 breaking and entering, Detective Smith requested a warrant for Richard Haines's arrest. Detective Smith signed a felony complaint as the complaining witness. This complaint was approved by a Saginaw County Assistant Prosecutor and signed by Saginaw County District Judge Kyle Higgs-Tarrant. On September 15, 1986, Judge Higgs-Tarrant signed a felony warrant for Haines's arrest for the offense of receiving or concealing stolen property. At the time this warrant was issued, Haines was in the Saginaw County jail for another offense. Haines was arraigned on the receiving or concealing stolen property charge on September 16, 1986. Approximately three weeks later, the charge was dismissed for lack of evidence.
 
 
 5
 On July 3, 1990, Haines, who was, and still is, serving a prison sentence for different charges, filed this 42 U.S.C. Sec. 1983 action against the Township of Buena Vista, several Buena Vista police officers, the City of Saginaw, the Saginaw Police Department, and several Saginaw police officers. The district court appointed counsel to represent Haines pursuant to 28 U.S.C. Sec. 1915(d). Haines's counsel filed an amended complaint, responded to defendants' motions and court requests, and discussed possible settlement with the defendants. However, Haines's appointed counsel petitioned the court to withdraw from the case because Haines, without counsel's prior knowledge, had been discussing settlement with defendants' attorneys, and this direct communication had made representation of Haines difficult, if not impossible. After defendants and Haines responded to the petition, the magistrate judge concluded that Haines was capable of representing himself in this matter and that Haines's action had brought about an irreconcilable breakdown of the mutual trust necessary for an ongoing attorney-client relationship. The magistrate judge granted counsel's petition to withdraw and did not appoint other counsel.
 
 
 6
 Haines, once again representing himself pro se, then filed a "petition for writ of habeas corpus ad testificandum" asking to be moved to the Saginaw County Jail so that he could conduct depositions of all defendant officers and officers who might be called as witnesses. The magistrate judge treated the petition as simply seeking discovery pursuant to Federal Rules of Civil Procedure 26 and 30 and denied the petition because "the discovery sought by plaintiff would, if allowed, be unduly burdensome, bear little if any relevance to the issues raised in plaintiff's complaint, and has little if any likelihood of leading to the production of relevant discoverable evidence." R. 63.
 
 
 7
 Haines's complaint alleged that the individual Saginaw police officers wrongfully entered his residence in violation of his constitutional rights and that the City of Saginaw and the Saginaw Police Department failed to adequately train and supervise its officers. Those defendants filed a motion to dismiss and motion for summary judgment based on the statute of limitations, failure to state a claim, and qualified immunity. Haines also alleged that Buena Vista Township and some of its individual police officers violated his civil rights. Those defendants also filed a motion for summary judgment. Defendants' motions for summary judgment were referred to the magistrate judge, who issued reports and recommendations that the motions should be granted. After Haines filed objections and upon de novo review, the district court accepted the reports and recommendations of the magistrate judge and dismissed the case against all defendants. This timely appeal followed.
 
 II.
 A.
 
 8
 Haines's pro se brief on appeal argues that it was error for the district court to permit the withdrawal of his appointed attorney and not appoint other counsel. A district court may appoint counsel to represent an indigent defendant. 28 U.S.C. Sec. 1915(d). Whether counsel should be appointed for an indigent defendant is within the sound discretion of the district court. Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir.1991). Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and indigent's ability to present the case. McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir.1985) (per curiam). We review the district court's decision on whether to appoint counsel only for an abuse of discretion. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985).
 
 
 9
 In this case, the magistrate judge reviewed transcripts of a deposition that had been taken by Haines in another matter in which he was representing himself and concluded that Haines was capable of representing himself in the present case, and therefore allowed appointed counsel to withdraw. We find no abuse of discretion in this determination.
 
 B.
 
 10
 Haines also takes issue on appeal with the denial of his petition for writ of habeas corpus ad testificandum. The decision to issue a writ of habeas corpus ad testificandum rests with the sound discretion of the trial judge. Holt v. Pitts, 619 F.2d 558, 560 (6th Cir.1980). However, as the magistrate judge noted, Haines's petition was nothing more than a request to take the depositions of all officers involved, and the petition was denied because it would be too burdensome. Although denying Haines's request for depositions, the magistrate judge stated that Haines "may serve upon defendants interrogatories or requests to produce, making specific inquiries or requesting the production of specifically identified documents." R. 63. We review a district court's ruling on discovery matters using an abuse of discretion standard. Theunissen v. Matthews, 935 F.2d 1454 (6th Cir.1991). We agree with the magistrate judge's conclusions that the depositions sought by Haines would be unduly burdensome and have little likelihood of producing relevant evidence, and allowing interrogatories only in the circumstances was appropriate. Therefore, the denial of Haines's petition for a writ of habeas corpus ad testificandum was not an abuse of discretion.
 
 C.
 
 11
 The most important issue on appeal is whether summary judgment was properly granted to defendants. This court reviews a district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In our review, we must view all facts and inferences in the light most favorable to the nonmoving party. Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 12
 To prove a claim under 42 U.S.C. Sec. 1983, a plaintiff must establish two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). For a municipality to be found liable under Sec. 1983, it must be shown that the municipality itself caused the constitutional deprivation. Monell v. Department of Social Servs., 436 U.S. 658 (1978). Municipal liability cannot be based on respondeat superior or vicarious liability for the actions of its employees or agents. Id. at 694-95. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under Sec. 1983." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (quoting Springfield v. Kibbe, 480 U.S. 257, 267 (1987)). A municipality may be held liable for constitutional deprivations resulting from the failure of the municipality to provide adequate training to its employees. Id. at 387-88. Of course, if the plaintiff has suffered no constitutional deprivation at the hands of the individual police officers, then the municipality cannot be held liable. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").
 
 
 13
 In this case, the record reveals no indication that Haines's constitutional rights were violated, and therefore summary judgment was proper as to all defendants. Haines alleges that the individual Saginaw police officers violated his Fourth Amendment rights by entering and searching his apartment without a warrant. He seeks to hold the individual police officers personally liable for this alleged constitutional deprivation, and he seeks to hold the City of Saginaw and the Saginaw Police Department liable for the alleged constitutional deprivation on a theory of failure to adequately train and supervise its officers or, alternatively, because the city and department had an improper policy allowing illegal searches. He also seeks to hold the individual Buena Vista Township police officers and Buena Vista Township liable for this alleged constitutional deprivation.
 
 
 14
 However, the Saginaw police officers' warrantless entry into plaintiff's apartment did not violate plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. "The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. The prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises." Illinois v. Rodriguez, 497 U.S. 177, 181 (1990) (citations omitted). The police officer's determination that a third party who consents to a search possesses common authority over the premises need not be correct for the warrantless entry to be valid under the Fourth Amendment. All that is required is that the police officer, at the time of the entry, reasonably believe that the third party possesses such authority. Id. at 188-89; United States v. Hall, 979 F.2d 77, 79 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1357 (1993). In evaluating the officer's actions under this objective standard, the court should ask: "would the facts available to the officer at the [time of entry] warrant a man of reasonable caution in the belief that the consenting party had authority over the premises?" Rodriguez, 497 U.S. at 188 (quotations omitted).
 
 
 15
 In this case, the officers entered the apartment at the request and with the consent of the landlord, Ms. Doty, after Ms. Doty informed them that she had been cleaning the apartment because the tenant, Haines, had vacated the apartment and was no longer living there. As owner of the vacant apartment, Ms. Doty could consent to the officers' warrantless entry and search. However, Haines claims that he had paid rent through August 28, and therefore he had not yet vacated the apartment. Haines argues that because he was still renting the apartment, Doty's consent did not validate the warrantless entry and search. Haines's argument is based on the general rule that a landlord does not have common authority over the apartment rented to another so as to make permissible a police officer's warrantless search of the apartment with the landlord's consent. See Chapman v. United States, 365 U.S. 610, 616-17 (1961).
 
 
 16
 Although there may be a genuine dispute as to whether Haines had actually vacated his apartment, that dispute is immaterial and does not prohibit the grant of summary judgment because the question is not whether Doty actually had the authority to consent to the search, but rather whether it was reasonable for the officers to believe that she did. As to this important question, the only evidence in the record indicates that their actions were completely reasonable. The officers' affidavits state that they believed, based on Ms. Doty's statements, that she was the owner of the building and that the apartment in question had been vacated by the former tenant. Ms. Doty's affidavit confirms that she told the officers that she was the owner of the building and that the apartment had been vacated. Based on Ms. Doty's statements, it was reasonable for the officers to believe that she had authority over the apartment, and therefore the search of the apartment based on Ms. Doty's consent did not violate the Fourth Amendment. See Rodriguez, 497 U.S. at 188. Thus, because there was no constitutional violation involved in the entry and search of Haines's apartment, the grant of summary judgment to the individual Saginaw police officers was appropriate. Furthermore, because the officers committed no constitutional violation, summary judgment to the City of Saginaw and the Saginaw Police Department was also appropriate. See Heller, 475 U.S. at 799.
 
 
 17
 Haines bases his claims against the individual Buena Vista Township police officers on the allegedly unconstitutional search and seizure at his apartment, the subsequent transfer of the safe from the Saginaw Police Department to the Buena Vista officers, and his arrest by Buena Vista officers based on the evidence seized from his apartment. Because we have held that the search and seizure at Haines's apartment was not unconstitutional, the claims against the Buena Vista officers based on that search and seizure are not viable even if the actions of the Saginaw officers could be imputed to the Buena Vista officers. Haines does not specify which of his constitutional rights were violated in relation to the Buena Vista police officers' picking up the safe from the Saginaw Police Department and arresting Haines pursuant to an arrest warrant. We believe that any claim that these actions were unconstitutional is meritless, and thus summary judgment was properly granted to the individual Buena Vista officers and Buena Vista Township.
 
 
 18
 The core element of any Sec. 1983 claim is that the plaintiff's federal constitutional or statutory rights have been violated. Haines has not demonstrated that there is a genuine dispute as to whether his federal rights were violated, and all the evidence in the record indicates that the search and seizure at his apartment was constitutional. Furthermore, there is nothing in the record to indicate that the police officers violated any of Haines's constitutional rights by transferring the safe between police departments or by arresting Haines pursuant to a valid arrest warrant. Because there is no genuine issue of material fact as to whether Haines's constitutional rights were violated, and defendants are entitled to judgment as a matter of law, the grant of summary judgment to all defendants was proper.
 
 III.
 
 19
 For the reasons stated, the district court's grant of summary judgment to defendants is AFFIRMED.