**UNITED STATES of America**

v.

**Dennis Wayne MYNATT**

**No. 1:04–CR–46.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

Nov. 5, 2004.

Christopher D Poole, Assistant U.S. Atty Office, Chattanooga, TN, for plaintiff.

Douglas M Cox, Nelson, Mcmahan, Parker & Noblett, Chattanooga, TN, Rita C Lalumia, Federal Defender Services Of Eastern Tennessee, Inc., Chattanooga, TN, for defendant.

### MEMORANDUM

EDGAR, Chief Judge.

**I. *Introduction***

Currently pending before the Court is the motion of defendant Dennis Mynatt to

dismiss the indictment against him pursuant to Fed.R.Crim.P. 12(b)(3)(B) on the grounds that the indictment does not state an offense. [Court File No. 21]. On October 22, 2004, the government filed a response to defendant's motion to dismiss in which the government stated that the defendant's motion appeared to be well-taken and the United States did not oppose it. [Court File No. 23].

Subsequently, on October 29, 2004, the government filed a response to the defendant's motion to dismiss in which the government asserted that the motion to dismiss was not well-taken and opposed the granting of the motion. [Court File No. 24]. Along with its October 29, 2004, response to the defendant's motion to dismiss, the government filed a motion to strike its response to the defendant's motion to dismiss dated Friday, October 22, 2004, and to substitute the government's second response to the motion to dismiss, which is dated Friday, October 29, 2004, therefore. [Court File No. 25].

The government's motion to strike its initial response to the defendant's motion to dismiss, which is dated Friday, October 22, 2004, and to substitute therefor its second response to defendant's motion to dismiss, which is dated Friday, October 29, 2004, [Court File No. 25] will be **GRANTED**. Consequently, the defendant's motion to dismiss the indictment against him pursuant to Fed.R.Crim.P. 12(b)(3)(B) [Court File No. 21] is now ripe for review.

## II. *Background*

On the afternoon of Thursday, February 26, 2004, the Soddy–Daisy, Tennessee, Police received a call reporting that shots had been fired at 1234 Thrasher Pike. When police arrived the reporting witness advised that she had been at home and heard shots fired in the vicinity of her home. She observed a vehicle in the driveway and approached the male driver of the vehicle. He advised the reporting witness that he was unaware that a house was located at the end of the driveway, apologized for firing the weapon, and left the scene. The reporting witness did obtain a license tag/license plate number for the vehicle.

Subsequently on Friday, February 27, 2004, another witness came to the Soddy Daisy police department and advised that he was traveling eastbound on Thrasher Pike during the afternoon of Thursday, February 26, 2004. This witness told police he heard a noise, which he initially thought was a vehicle backfiring; however, the witness advised that the more he thought about the sound, the more he began to think it was the sound of a gunshot. The witness also told the police that he heard the gunshot after he had traveled across the railroad tracks on Thrasher Pike.

After hearing the gunshot, the witness returned to his home on Thrasher Pike. Subsequently, on Friday, February 27, 2004, the witness found damage to his truck; namely, a gunshot through the grill and out the fender on the driver's side of the truck.

Thereafter, on March 2, 2004, Office James Smith of the Soddy Daisy Police Department met the victim in the 1200 block of Thrasher Pike. The victim showed the officers where he thought he was located at the time he heard, or thought he heard, the gunshot.

Soddy Daisy officers ran the license tag/license plate which was on the vehicle in the first witness's driveway through the computers at NCIC. The license tag/license plate was registered to a 1998, maroon-colored, Ford Explorer, belonging to Alma Mynatt.

Soddy Daisy police officer spoke to Mrs. Mynatt by telephone on March 2, 2004.

She advised that no one had been driving the vehicle for approximately two weeks. However, Mrs. Mynatt also advised that she had two sons, Allen and Dennis—the defendant herein. Mrs. Mynatt advised that her son Allen lived in South Carolina, but that her son Dennis was there with her at the time.

Officers asked to speak to the defendant and he advised that Mrs. Mynatt did have a vehicle matching the NCIC description and that he had been driving it and had left it at his apartment with the doors unlocked and the keys in the ignition.

Soddy Daisy policy officers asked defendant to come to the police department; and, he complied with their request. Upon his arrival at the police department, officers advised the defendant of his rights and he signed a written waiver of his rights.

During his interview with the police, Defendant admitted that he was driving the vehicle and did fire the shots. He stated that he did not know there was a house located at the end of the driveway where he fired the shots.

The defendant wrote a statement for the officers. He was asked what kind of gun he had fired and he stated that it was a bolt-action .223 caliber rifle. Officers went to defendant's residence to retrieve the rifle. At his residence, defendant attempted to give Officer Smith a bolt-action .22 long rifle. The officers also observed a semi-automatic pistol, which was similar to a Tech 9.

Officers then confronted defendant about their concerns that he was giving them the wrong weapon. He then led them to a garage, where he retrieved an A–15 DPMS assault rifle, which was located in a blue duffle bag located under a work bench. Also in the bag were three magazines, extra ammunition and miscellaneous items.

The officers checked defendant's criminal history through NCIC and learned that he had allegedly been convicted by a guilty plea to a felony charge of Aggravated Assault on August 6, 2003. On March 3, 2004, Soddy Daisy Police and agents from the Bureau of Alcohol, Tobacco and Firearms went to defendant's residence with a search warrant for the guns. Defendant gave consent to search. As a result of their search the officers/agents seized a Smith and Wesson .32 caliber pistol, a JC Higgins 12–gauge shotgun, a JC Higgins .22 rifle, a Davis Industries .380 pistol, and an Intratec 9mm handgun.

On March 9, 2004, a federal grand jury, sitting in the Eastern District of Tennessee, issued a one-count Indictment against defendant, charging that:

> defendant, DENNIS WAYNE MYNATT, having previously been convicted in court of a crime punishable for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, namely, an A.R.–15 DPMS assault rifle, and ammunition; in violation of Title 18, United States Code Section, 922(g)(1).

[Court File No. 8].

Subsequently, it was learned that the predicate offense for Title 18, U.S.C. § 922(g)(1); namely, defendant's plea of guilty to Aggravated Assault on August 6, 2002, was pursuant to the Tennessee judicial diversion statute, Tenn.Code Ann. § 40–35–313. Defendant pled guilty to Aggravated Assault, but pursuant the judicial diversion statute, Tenn.Code Ann. § 40–35–313, entry of judgment was deferred pending the completion of a probationary period.

More specifically, a brief hearing was held by this Court on defendant's motion

to dismiss on Monday, November 1, 2004. At that hearing, defendant's counsel entered as defendant's exhibit 1, the Guilty Plea Diversion—Probation Order entered in the Criminal Court of Hamilton County, Tennessee on August 6, 2002. [November 1, 2004 hearing, Defendant's exhibit 1]. The order shows that defendant waived his right to trial and entered a plea of guilty to Aggravated Assault, a Class C felony under Tennessee law. *Id.* He faced a sentence of 3 to 6 years. *Id.* However, pursuant to the Tennessee Judicial Diversion statute, Tenn.Code Ann. § 40–35–313:

> (a) Entry of the judgment of guilty is withheld.
>
> (b) Sentencing and further proceeding are deferred; and
>
> (c) Defendant is placed on probation
> . . . .

*Id.*

### III. *Defendant's Motion to Dismiss the Indictment.* [Court File No. 21].

Thus, the issue before the Court in the instant motion is whether the defendant's plea of guilty to the felony charge of Aggravated Assault on August 6, 2002, and subsequent judicial diversion of the charge pursuant to Tenn.Code Ann. § 40–35–313, constitutes a conviction as defined in Title 18 U.S.C. § 922(g)(1).

In *United States v. Hall,* 979 F.2d 77 (6th Cir.1992)(per curiam), *cert. denied,* 507 U.S. 947, 113 S.Ct. 1357, 122 L.Ed.2d 736 (1993), the Sixth Circuit noted that it had not previously addressed the issue of whether an unsentenced guilty plea constitutes a conviction for purposes of 18 U.S.C. § 922. *Id.* at 80. The Sixth Circuit noted, however, that in *United States v. Orellanes,* 809 F.2d 1526, 1528–29 (11th Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988), the Eleventh Circuit had considered a challenge to a conviction under 18 U.S.C. § 922 for possession of a firearm by a convicted felon, "where the underlying conviction was based on a guilty plea for a state offense in which adjudication had been withheld." *Id.*

■ The Sixth Circuit adopted the Eleventh Circuit's reasoning as set forth in *Orellanes,* and stated that the courts "must look to the law of the state where the plea was entered to determine whether it should be viewed as a conviction" for purposes of 18 U.S.C. § 922. *Hall,* 979 F.2d at 80. Therefore, this Court must look to Tennessee law to determine if defendant's August 6, 2002 guilty plea to Aggravated Assault for which he received judicial diversion pursuant to Tenn.Code Ann. § 40–35–313, is a prior conviction for purposes of the charge of being a felon in possession under Title 18 U.S.C. § 922(g).

The Tennessee judicial diversion statute, Tenn.Code Ann. § 40–35–313 states in pertinent part:

> (a)(1)(A) The court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant. Such deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged...
>
> (B)(i) As used in this subsection (a), "qualified defendant" means a defendant who:
>
> (a) Is found guilty of or pleads guilty or nolo contendere to the offense for

which deferral of further proceedings is sought . . .

Tenn.Code Ann. § 40–35–313.

Under Tennessee law, judicial diversion is a "legislative largess" which permits a defendant, after being found guilty or pleading guilty, to complete a diversion program and receive expungement of records and dismissal of the charges. *State v. Robinson,* 139 S.W.3d 661, 665 (Tenn. Crim.App.2004). "The purpose of judicial diversion is to avoid placing the stigma and collateral consequences of a criminal conviction on the defendant, in addition to providing the defendant a means to be restored fully and to useful and productive citizenship." *State v. Johnson,* 980 S.W.2d 410, 413 (Tenn.Crim.App.1998)(citing *State v. Porter,* 885 S.W.2d 93, 95 (Tenn.Crim. App.1994)). " . . . [A] defendant seeking judicial diversion stands before the court having already been found guilty—ready to be sentenced . . ." *Id.*

 In its opposition to defendant's motion to dismiss, the government relies on the decision of the Supreme Court of Tennessee in *Brooks v. State,* 187 Tenn. 67, 213 S.W.2d 7 (1948), *cert. denied,* 340 U.S. 837, 71 S.Ct. 21, 95 L.Ed. 614 (1950). The defendant in *Brooks* was indicted and entered a guilty plea at his arraignment. *Id.,* 213 S.W.2d at 9. Despite this fact, the parties in *Brooks* went to trial before a jury on a plea of not guilty and the jury found defendant guilty of the charge against him. *Id.* Moreover, no motion had been made to set aside the defendant's guilty plea and no order had been entered by the trial court setting aside the guilty plea. *Id.* During his trial, the defendant took the stand in his own defense. *Id.* 213 S.W.2d at 8. On cross-examination, the trial court permitted the prosecutor to ask the defendant whether he had not, in fact, previously pleaded guilty to the charge for which he was on trial at the time of his arraignment. *Id.*

On appeal, the defendant asserted that it was error for the trial court to permit the prosecutor to inquire about his earlier guilty plea. *Id.* 213 S.W.2d at 9. Defendant argued that, despite the lack of an order formally setting aside his earlier guilty plea, by proceeding to trial on a not guilty plea the prosecution had, in effect, waived his guilty plea.

The Supreme Court of Tennessee agreed with the defendant and set aside its conviction. In discussing the effect of defendant's earlier guilty plea, the Tennessee Supreme Court stated:

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is a conclusive. More is not required; the court has nothing to do but give judgment and sentence . . . ."

*Id.* (quoting *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927)). The Tennessee Supreme Court held that by proceeding to trial and electing to try the defendant on a plea of not guilty, the State had waived his earlier plea of guilty, and it was reversible error for the trial court to permit the prosecutor to ask the defendant on cross examination "if he did not plead guilty to the charge" for which he was on trial. *Id.*

However, the government's reliance on *Brooks* is misplaced in this instance. Here, Mynatt is not challenging the validity of his August 6, 2002 guilty plea to the state charge of Aggravated Assault. Rather, the issue before the Court is whether Mynatt's *guilty plea and subsequent judicial diversion* constitutes a conviction under state law for purposes of Title 18 U.S.C. § U.S.C. § 922(g).

*Brooks,* which was decided by the Supreme Court of Tennessee in 1948, simply does not answer this question. Furthermore, it could not answer this question, because the legislative history of Tenn. Code Ann. § 40–30–313 reveals that the judicial diversion statute was enacted in 1989, some 40 years after the decision in *Brooks.*[1] Hence the Court finds that the government's reliance on *Brooks* is misplaced.

In *State v. Stevens,* No. E199902097CCAR3CD, 2000 WL 1661490 (Tenn.Crim.App. Nov.6, 2000), the court noted that judicial diversion did follow a determination of guilt—in this instance a guilty plea from defendant Mynatt—"but acts to defer the entry of any judgment of conviction." *Id.,* 2000 WL 1661490 at \* 1. Rather, if a defendant who has been given a judicial diversion fails to comply with the conditions imposed at the time of the judicial diversion, "then the judgment of conviction that was originally deferred is entered without ... need for a trial." *Id.*

In *State v. Tolbert,* No. E199902326CCAR3CD, 2000 WL 1172344 (Tenn.Crim.App. Aug.18, 2000), the defendant filed a direct appeal of his criminal conviction for aggravated assault. *Id.,* 2000 WL 1172344 at \* 1. In his direct appeal, the defendant asserted as error the trial judge's decision not to permit defense counsel to question the sole prosecution witness concerning the witness' guilty plea to extortion and subsequent judicial diversion. *Id.* The defendant argued that an inquiry concerning the witness' guilty plea and judicial diversion should have been permitted on cross examination under Tennessee Rule of Evidence 609, which "governs impeachment of a witness when a witness had been convicted of crime punishable by death or one year or more in prison, or a crime involving dishonesty or false statement." *Id.* at \*3. The Tennessee Court of Criminal Appeals held that the witness could not be cross examined about his guilty plea and judicial diversion under Tennessee Rule of Evidence 609. It stated that based upon the language of Tenn.Code Ann. § 40–35–313, "... when a defendant is granted judicial diversion there is no conviction within the meaning of Rule 609 ..." *Id.* at \*3—\*4.

Further, in *State v. Norris,* 47 S.W.3d 457 (Tenn.Crim.App.2000), the defendants pled guilty to the manufacture of a controlled substance. *Id.* at 460. The defendants entered their guilty plea subject to a certified question under Tennessee Rule of Criminal Procedure 37(b)(2)(i); namely, that law enforcement officers conducted an unreasonable search and seizure when the officers made an thermal scan image of the defendants' home. *Id.* One of the defendants, Meador, received a judicial diversion. *Id.*

The Tennessee Court of Criminal Appeals found that it lacked jurisdiction to consider Meador's certified question under Tenn. R.Crim. P. 37. The Court of Criminal Appeals noted that Tenn. R.Crim. P. 37(b) states that direct appellate review as a matter of right "... lies from any order or judgment in a criminal proceeding where the law provides for such an appeal,

---

1. The legislative history to Tenn.Code Ann. § 40–35–313 is:

 1989 Pub. Acts, c. 591, § 6; 1990 Pub. Acts, c. 980, §§ 25, 26; 1995 Pub. Acts, c. 349, § 1, eff. May 30, 1995; 1996, Pub. Acts, c. 997 § 1, eff. May 13, 1996; 1997 Pub. Acts. c. 455, § 2, eff. June 13, 1997; 1997 Pub. Acts, c. 456, § 2, eff. July 1, 1997;

 1998 Pub. Acts. c. 1099, §§ 8 to 10, eff. Oct. 1, 1998; 2000 Pub. Acts. c. 645, § 2; 2000 Pub. Acts, c. 813, § 7, eff. July 1, 2000. Amended by 2002 Pub. Acts, c. 849, §§ 14 to 16, eff. July 4, 2002; 2003 Pub. Acts, c. 323, § 2, eff. June 11, 2003; 2004 Pub. Acts, c. § 9, eff. July 1, 2004.

Tenn.Code Ann. § 40–35–313 (Michie 2003).

and from any judgment of conviction ... [u]pon a plea of guilty or nolo contendere ..." *Id.* at 461. However, the Court of Criminal Appeals stated that Meador's appeal, which was based upon a judicial diversion, was not an appeal founded upon a judgment of conviction. It stated:

> ... the guilty plea which results in an order of judicial diversion is not consummated into a judgment of conviction, unless the defendant breaches the conditions of his diversion/probation. Tenn. Code Ann. § 40–35–313(a)(1)(A), (2) (1997). Consequently, the rule provisions for a rightful appeal based upon a judgment of conviction do not authorize an appeal of a certified question in the present case.

*Id.* at 462.

Furthermore, in *State v. Williams,* 1993 WL 295060 (Tenn.Crim.App. Aug.4, 1993), the defendant was indicted in January 1991 for burglary and entered an *Alford* plea to the charge.[2] *Id.*, 1993 WL 295060 at * 1. The trial court accepted the plea and stated its intention to grant judicial diversion. *Id.* Subsequently, in June 1991, the defendant was indicted for unlawful possession of a controlled substance with the intent to sell or deliver. *Id.* On February 4, 1992, the defendant entered an *Alford* plea to criminal attempt. *Id.* Thereafter on March 27, 1992, the trial court placed the defendant on judicial diversion. *Id.*

On appeal, the State of Tennessee challenged the trial court's decision to grant judicial diversion to Williams on the ground that his *Alford* plea, which was entered in March 1991, established him, as of March 1992, as a person who had been previously convicted of a felony or misdemeanor and, therefore, ineligible for judi-

cial diversion. *Id.* The Court of Criminal Appeals disagreed stating:

> A guilty or *Alford* plea, even when accepted by the court, does not constitute a conviction until the court enters a judgment upon it. *See* Tenn. R. Crim P. 32(e). The diversion statute recognized the distinction between a plea and a conviction. Under T.C.A. § 40–35–313, the trial court may, upon a plea of guilty and "without entering a judgment of guilty," defer the proceedings and place the defendant on probation. Upon successful completion of probation under this section, the defendant is discharged and the charges are dismissed. Under the statute, such a discharge and dismissal is not considered a conviction. T.C.A. § 40–35–313(a)(2). Since the trial judge planned to place Williams on judicial diversion for the burglary charge, he did not enter a judgment of guilt upon the plea. **Therefore, Williams did not possess a prior conviction as defined by the statute** and was eligible for judicial diversion under T.C.A. § 40–35–313 ... an individual may be placed on judicial diversion only once ... As the order placing Williams on diversion was entered in March 1992, [he] had not exhausted his opportunity under the statute simply because he entered pleas on two separate occasions ...

*Id.* (emphasis added).

Finally, in *State v. Dill,* No. E199901779CCAR3CD, 2002 WL 1456923 (Tenn.Crim.App. Oct.2, 2000), the defendant pled guilty, on October 11, 1995, to one count of statutory rape and was placed on judicial diversion. *Id.,* 2002 WL 1456923 at * 1. The defendant registered

---

**2.** In an *Alford* plea, a defendant expresses his willingness to forgo/waive a trial, but maintains his innocence. *United States v. Tucker,*

925 F.2d 990, 992 (6th Cir.1991)(citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).

with the Tennessee Bureau of Investigation ("TBI") as a "sex offender." *Id.* However, he failed to comply with the Tennessee statutes by failing to complete and return his "verification forms" to TBI and was indicted. *Id.* Defendant, then, pled guilty to one count of failing to return a verification form. *Id.* However, at the time of his guilty plea, the defendant reserved the right to appeal a certified question of law; namely:

> Does the Sex Offender Registration and Monitoring Act violate the state and federal constitutions by requiring a registrant to remain on the registry after his original case was dismissed pursuant to a judicial diversion ...

*Id.*

The Tennessee Court of Criminal Appeals reversed defendants' conviction of one count of failing to return a verification form, stating:

> ... those defendants whose cases are disposed of through judicial diversion are not *convicted*. Rather, proceedings against a qualified defendant are deferred and no judgment of guilt is entered. *See generally* Tenn.Code Ann. 40–35–313. Therefore under the first and dominant paragraph of the statute they are not "sexual offenders" ...[3]

*Id.*, 2000 WL 1456923 at * 3 (emphasis in original). Thus, the *Dill* court stated:

> ... [w]e are instructed by several principles important to the constitutional law including legality, notice, fairness and due process. Generally, the language of

a penal statute must be clear and concise to give adequate warning so that individuals might avoid the forbidden conduct ... In this case, these values and protections must apply, and we are bound to conclude that this defendant's violation of the Sex Offender Monitoring Act should be reversed and dismissed. Simply put, *he has not been "convicted"* of a sex offense, and we cannot conclude that the statute's language puts him on fair notice.

*Id.* (emphasis added).

Based upon the foregoing case law, the Court finds that defendant Mynatt's plea of guilty to the charge of Aggravated Assault on August 6, 2002, and subsequent judicial diversion is not a prior conviction under the law of the State of Tennessee for purposes of the charge of being a felon in possession under Title 18 U.S.C. § 922(g).

## IV. *Conclusion*

For the reasons stated above:

(1) The government's motion to strike its *initial response to the defendant's motion to dismiss*, which is dated Friday, October 22, 2004, and to substitute therefor its *second response to defendant's motion to dismiss*, which is dated Friday, October 28, 2004, [Court File No. 25] will be **GRANTED**;

(2) The defendant's motion to dismiss the March 9, 2004 Indictment against

---

**3.** Tenn.Code Ann, § 40–39–102(2) defines a "sexual offender" as:

> A person who is, or has been, convicted in this state of committing a sexual offense or who is, or has been, convicted in another state or another country, or who is or has been convicted in a federal or military court, of committing an act which would have constituted a sexual offense if it had been committed in this state ...

*Dill*, 2000 WL 1456923 at * 2 (quoting Tenn. Code Ann. § 40–39–102(2)).

The *Dill* court noted that this definition formed the crux of the problem before it: "Clearly reading the first paragraph of the statute conviction is plainly a prerequisite to sexual offender status. This makes sense; conviction as a line of demarcation between sexual offenders and non-sexual offenders is both workable and sensible." *Id.*

him pursuant to Fed.R.Crim.P. 12(b)(3)(B) on the ground that the Indictment does not state an offense [Court File No. 31] will be **GRANTED**; and,

(3) Pursuant to the previous paragraph, the one-count Indictment, dated March 9, 2004, charging the defendant, Dennis Wayne Mynatt, with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) [Court File No. 8] will be **DISMISSED**.

A separate judgment will enter.